_____

No. 95-3453
_____

United States of America,         *
                                 *
        Appellee,         *
                                 *  Appeal from the United States
    v.                     *  District Court for the
                                 *  Eastern District of Arkansas.
Lorenzo J. Cotroneo,        *
                                 *
        Appellant.        *

_____

Submitted:  February 14, 1996

Filed:  July 11, 1996
_____

Before BOWMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

BOWMAN, Circuit Judge.


While Lorenzo J. Cotroneo was serving two concurrent terms of supervised release on convictions for credit card fraud and escape, the government sought revocation of Cotroneo's supervised release on the ground that he had violated certain conditions of release. After a revocation hearing, the District Court[1] revoked Cotroneo's supervised release, and sentenced him to consecutive periods of imprisonment on the two convictions. On appeal, Cotroneo argues that upon revocation of his supervised release, the District Court should have imposed concurrent rather than consecutive sentences, and that the District Court abused its discretion in denying his request for a continuance of the revocation hearing. We affirm.

_____

[1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

On June 19, 1992, Cotroneo pled guilty to credit card fraud and was sentenced in the United States District Court for the Eastern District of Arkansas to twenty-four months of imprisonment followed by three years of supervised release.  While serving his sentence for credit card fraud, Cotroneo escaped from a halfway facility in Tennessee.  On October 20, 1994, Cotroneo pled guilty to escape and was sentenced in the United States District Court for the Western District of Tennessee to fifteen months of imprisonment followed by three years of supervised release.  The sentence for the escape conviction was imposed concurrently with the sentence Cotroneo had been serving for credit card fraud.  In October 1994, having completed serving the concurrent terms of imprisonment, Cotroneo began serving his terms of supervised release.

Meanwhile, on January 25, 1995, Cotroneo's probation officer filed a petition for warrant[2] in the United States District Court for the Eastern District of Arkansas.   The petition alleged that Cotroneo had violated the conditions of his supervised release, in that he:  (1) failed to submit monthly reports to the probation office; (2) failed to report in person to the probation office; and (3) moved from his residence in Arkansas without notifying the probation office.  See Petition for Warrant or Summons for Offender Under Supervision, No. LR-CR-91-200(1) (E.D. Ark. filed Jan. 25, 1995).  On September 5, 1995, Cotroneo waived his right to a preliminary hearing on the petition and requested the District Court to proceed to a final revocation hearing.  Cotroneo, recognizing that the violations alleged in the petition also affected his concurrent supervised release term in Tennessee, agreed to its consolidation with the hearing on the Arkansas term

---

[2]A "petition for warrant" is a pleading by which the government formally initiates a court proceeding for the revocation of an individual's supervised release.

of supervised release. On September 11, 1995, jurisdiction as to the escape charge was transferred from the Western District of Tennessee to the Eastern District of Arkansas.

On September 12, 1995, Cotroneo's probation officer filed a supplemental petition for warrant in the District Court. The supplemental petition realleged the violations mentioned in the original petition, and further alleged that Cotroneo had committed additional violations of the general conditions of his supervised release, including: (1) use of false information concerning his social security number on an employment application, in violation of 42 U.S.C. § 408(a)(7)(B); (2) providing false information to the government in violation of 18 U.S.C. § 1001; (3) fraudulent use of credit cards in violation of 18 U.S.C. § 1029(a)(1); and (4) unauthorized use of a motor vehicle in violation of Texas state law. See Corrected Supplemental Petition for Warrant or Summons for Offender Under Supervision, No. LR-CR-91-200(1) (E.D. Ark. filed Sept. 20, 1995).

The District Court held a revocation hearing on September 20, 1995. At that hearing, Cotroneo admitted to violating his supervised release as alleged in the government's original petition, but objected to proceeding on the four violations alleged in the government's supplemental petition. Cotroneo argued that because he had not received certain "evidence" until the day before the hearing, he needed additional time to prepare his case.[3] The

------

[3] Neither in his brief nor at oral argument did Cotroneo identify, by name or description, the "evidence" that he claims he received only one day before the hearing. The government has identified these materials as government's hearing exhibits 7 and 8. See Brief of Government at 9. Government Exhibit 7 is a copy of a California driver's license, issued to a Brad Magruder, but bearing Cotroneo's photograph. Government Exhibit 8 consists of two Odessa Police Department photograph identification forms, in which his victims identify Cotroneo as the perpetrator of credit card fraud. See Addendum to Brief of Government at 4-6. Cotroneo does not dispute, and we therefore accept for present purposes, the government's identification of exhibits 7 and 8 as the "evidence" allegedly turned over to Cotroneo insufficiently in advance of the revocation hearing.

District Court denied Cotroneo's request for a continuance. The government called as witnesses William Ross, a United States postal inspector, and Gregory Stemis, a special agent with the United States Secret Service, who testified with respect to their involvement in investigating the supplemental allegations against Cotroneo. During the course of the hearing, the government also introduced thirteen exhibits relating to the supplemental allegations. Cotroneo's counsel cross-examined both of the government's witnesses. At the conclusion of the government's case, Cotroneo elected not to present any evidence. The court found that Cotroneo had violated the conditions of his supervised release.[4] The court accepted Cotroneo's admission to violating his supervised release as alleged in the government's initial petition. The court further found that Cotroneo had violated his supervised release as alleged in the government's supplemental petition. The court revoked Cotroneo's two concurrent terms of supervised release that he was serving for credit card fraud and escape, and imposed sentences of twenty-four months of imprisonment on each of those convictions, to be served consecutively.

## II.

Cotroneo argues that the District Court erred in sentencing him to consecutive, rather than concurrent, terms of imprisonment upon revocation of his supervised release. We reject this argument.

---

[4]In a supervised release revocation hearing a court may revoke a defendant's supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. See 18 U.S.C. § 3583(e)(3) (1994).

The decision to impose a consecutive or concurrent sentence upon revocation of supervised release is committed to the sound discretion of the district court, see 18 U.S.C. § 3584(a) (1994); cf. United States v. Smitherman, 889 F.2d 189, 191 (8th Cir. 1989) (noting discretion of court in sentencing defendant to concurrent or consecutive sentences upon conviction), cert. denied, 494 U.S. 1036 (1990). When imposing multiple sentences under 18 U.S.C. § 3584 (1994), the district court is directed to refer to 18 U.S.C. § 3553(a) (1994), which enumerates the factors that shall be considered in imposing sentences under § 3584, including the nature, circumstances, and seriousness of the offense; the history of the defendant; and the need for adequate deterrence.

At the time of the revocation hearing, Cotroneo was serving two concurrent terms of supervised release: one for a credit card fraud conviction, a Class C Felony, see 18 U.S.C. §§ 1029(a)(2), 3559(a)(3) (1994); and one for an escape conviction, a Class D Felony, see 18 U.S.C. §§ 751(a), 3559(a)(4) (1994). Under 18 U.S.C. § 3583(e)(3) (1994) the court may, upon finding that the defendant violated a condition of supervised release, revoke the term of supervised release and require the defendant to serve all or part of the supervised release in prison. Section 3583(e)(3) provides that "a defendant whose term is revoked . . . may not be required to serve . . . more than 2 years in prison if such offense is a class C or D felony." Therefore, the District Court acted properly (and Cotroneo does not contend otherwise) in sentencing Cotroneo to two years of imprisonment for the credit card fraud conviction and two years of imprisonment for the escape conviction. The only issue is whether the District Court erred in running the sentences consecutively rather than concurrently.

We conclude that the District Court acted within its discretion in sentencing Cotroneo to consecutive terms of imprisonment. Section 3584(a) provides: "If multiple terms of imprisonment are imposed on a defendant at the same time, . . . the

-5-

terms may run concurrently or consecutively . . . . "  Because § 3584(a) is not limited, in terms, to the imposition of sentence at the conclusion of trial (as distinguished from the imposition of sentence after revocation of a defendant's supervised release), we conclude that the District Court retains discretion to impose either concurrent or consecutive sentences after revocation of a defendant's supervised release.  We see nothing in the record to indicate that the District Court abused its discretion in imposing consecutive sentences under § 3584(a) or that it failed to consider the relevant factors set forth in § 3553(a).

Cotroneo suggests that, notwithstanding the seemingly discretionary language of § 3584(a), the sentencing judge is required by a different statutory provision, 18 U.S.C. § 3624(e) (1994), to run concurrently terms of imprisonment imposed after revocation of supervised release.  We do not, however, believe that § 3624(e) bears the weight that Cotroneo would place upon it.  Section 3624(e) does not control the imposition of sentence after revocation of supervised release; rather § 3624(e) provides that "[t]he term of supervised release . . . runs concurrently with any Federal, State, or local term of probation or supervised release."  Section 3624(e) thus by its terms governs the trial court's initial imposition of terms of supervised release, not its subsequent sentencing discretion upon revocation of that supervised release.[5]  Cf. United States v. Gullickson, 982 F.2d 1231, 1236 (8th Cir. 1993) (holding that § 3624(e) requires court to impose consecutive, rather than concurrent, terms of supervised release to follow terms of imprisonment on multiple convictions).  We conclude that § 3584(a) allowed the District Court to impose consecutive rather

---

[5]Indeed, here, the District Court for the Western District of Tennessee, consistent with 18 U.S.C. § 3624(e), ran Cotroneo's initial period of supervised release on the escape conviction concurrently with the initial period of supervised release that the court for the Eastern District of Arkansas had imposed on Cotroneo on the credit card conviction.

than concurrent sentences upon revocation of Cotroneo's concurrent terms of supervised release.[6]

## III.

Cotroneo argues that the District Court abused its discretion by denying his motion for a continuance. We do not agree. During the revocation hearing, Cotroneo's counsel represented to the court that "[w]e didn't get all the evidence until, like, yesterday," Hearing Transcript at 4, and that "we are not ready because [Cotroneo] is indicating to me there is evidence and individuals and witnesses he would like to have, and I believe would be properly available to him," id. at 5.

District courts are afforded broad discretion when ruling on requests for continuances. Morris v. Slappy, 461 U.S. 1, 11 (1983). Continuances generally are not favored and should be granted only when the party requesting one has shown a compelling reason. Id. We will reverse a district court's decision to deny a motion for a continuance only if the court abused its discretion and the moving party was prejudiced by the denial. See Souder v. Owens-Corning Fiberglas Corp., 939 F.2d 647, 651 (8th Cir. 1991); cf. United States v. Ulrich, 953 F.2d 1082, 1085 (8th Cir. 1991) (criminal case).

The District Court did not abuse its discretion in denying Cotroneo's request for a continuance. Cotroneo told the court that he needed more time to prepare for the revocation hearing primarily because he had received certain "evidence" only one day before the

---

[6]Although the government suggests that the United States Sentencing Guidelines also lend support to the District Court's decision to sentence Cotroneo to consecutive, rather than concurrent sentences, we need not and do not address that contention because we are satisfied that the District Court was authorized under 18 U.S.C. § 3584(a) to impose the sentence in the manner in which it did.

-7-

hearing.  This "evidence," however, consisted of two exhibits totalling three pages, which were straightforward and capable of review in a short time period.  See supra note 3.  Although counsel also referred to "individuals and witnesses" whose presence at the hearing Cotroneo claimed he required, the record contains no suggestion as to who those persons were, why their testimony was necessary, or why their appearance had not been secured prior to the opening of the hearing.  Cotroneo attended the revocation hearing and was represented by counsel, who cross-examined the government's witnesses at length, including questioning them with respect to government exhibits 7 and 8.  Furthermore, the supplemental petition, filed by the probation officer and received by Cotroneo eight days before the hearing, fully apprised Cotroneo of the nature of the allegations against him, including specific dates, locations, names of victims, factual details, and the likely evidence that would be presented at the hearing. In these circumstances, we hold that Cotroneo has fallen considerably short of demonstrating that the District Court abused its discretion in denying a continuance.[7]

---

[7]Cotroneo also argues that the government violated Federal Rule of Criminal Procedure 32.1(a)(2) in delivering to him the aforementioned exhibits only one day before the revocation hearing. This argument is without merit.  Rule 32.1(a)(2) provides that an individual against whom the government has initiated a revocation hearing is entitled to certain due process protections, including "written notice of the alleged violations" and "disclosure of the evidence against the person."  Here, the government comported with the rule by giving Cotroneo notice of the allegations and evidence against him in the detailed and specific supplemental petition, and by making its hearing exhibits available to Cotroneo prior to the commencement of the revocation hearing.  See United States v. Kirtley, 5 F.3d 1110, 1113 (7th Cir. 1993) (holding that petition setting forth specific condition of probation allegedly violated, time period of violation, basic facts, and statute violated gave defendant adequate notice of his probation violations as required by due process).

For the foregoing reasons, Cotroneo's sentence is affirmed.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.