# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2511

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Paul Anthony White, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 23, 1999

Filed:  December 30, 1999

_____

Before WOLLMAN, Chief Judge, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

In 1988, Paul Anthony White pleaded guilty to conspiring from November 1985 to April 1986 to defraud the Internal Revenue Service, in violation of 18 U.S.C. § 286 (Count One); and filing in January 1986 a false claim for a federal income tax refund, in violation of 18 U.S.C. § 287 (Count Two). The district court[1] imposed a sentence of seven and one-half years imprisonment on Count One, to be followed by five years probation on Count Two; the conditions of probation included that White refrain from violating any federal, state, or local law. White began his probation in May 1996; in

_____

[1]The Honorable Joseph E. Stevens, Jr., late a United States District Judge for the Western District of Missouri.

October 1997, he was indicted on federal counterfeiting charges. Upon the government's motion and after a hearing, the court found that White had violated the conditions of his probation, revoked his probation, and sentenced him to four years imprisonment.

White now argues that the district court abused its discretion in denying him a continuance at the revocation hearing. We disagree. White stated at the hearing that he was prepared to cross-examine witnesses, and he did not dispute the government's assertions that he had known about the charges for some time and that discovery had been available to him for several months. See United States v. Cotroneo, 89 F.3d 510, 514 (8th Cir.), cert. denied, 519 U.S. 1018 (1996).

White also argues that the four-year revocation sentence violated his 1988 plea agreement. We reject this argument as well. The plea agreement explicitly stated that there was no agreement as to any future revocation sentence on Count Two. Upon finding that White had violated a condition of his probation, the court was authorized to revoke probation and impose any other sentence that could have been imposed initially. See 18 U.S.C. § 3565(a)(2) (1986). As Count Two carried a maximum penalty of five years imprisonment, see 18 U.S.C. § 287 (1986), the four-year prison term was proper.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-