# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-3224

_____

United States of America,         *

                          *

         Appellee,           *

                          *     Appeal from the United States

     v.                      *     District Court for the

                          *     Southern District of Iowa.

Miguel Guerrero-Villasenor,     *

                          *         [UNPUBLISHED]

         Appellant.         *

_____

Submitted: July 5, 2001

Filed:   July 10, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

_____

PER CURIAM.

After Miguel Guerrero-Villasenor pleaded guilty to re-entering the United States illegally after deportation, in violation of 8 U.S.C. § 1326(a), the district court[1] sentenced him to 30 months imprisonment and 2 years supervised release. By that time, Guerrero-Villasenor had already begun serving a 55-year Iowa state sentence for unrelated convictions. To be sure that Guerrero-Villasenor would serve a total

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

sentence of at least 10 years, the court made the federal sentence commence when he was paroled, or upon a fixed date, whichever occurred first.

In a brief submitted pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), counsel challenges the structure of this sentence. We find no abuse of discretion, <u>see</u> <u>United States v. Cotroneo</u>, 89 F.3d 510, 512-13 (8th Cir.) (standard of review), <u>cert.</u> <u>denied</u>, 519 U.S. 1018 (1996), because this sentence structure is expressly authorized, <u>see</u> U.S.S.G. § 5G1.3, comment. (n.4). In a pro se supplemental filing, Guerrero-Villasenor challenges the district court's authority to consider his state parole date in fashioning his federal sentence. This argument also lacks merit. <u>See</u> U.S.S.G. § 5G1.3, comment. (n.3).

We have located no non-frivolous issues for appeal after reviewing the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988). Accordingly, we affirm the judgment of the district court, grant counsel's motion to withdraw, and deny Guerrero-Villasenor's request for substitute counsel.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.