**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT HENRY PAISOLA,

    Defendant - Appellant.

No. 02-4129
(D.C. No. 2:97-CR-222-W)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Robert H. Paisola appeals the district court's imposition of a consecutive sentence for a violation of his supervised release. Exercising

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

In 1998 Mr. Paisola pled guilty to Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B). He was sentenced to eighteen months imprisonment, followed by thirty-six months supervised release. This was to run concurrent with a sentence he was already serving for violating 18 U.S.C. § 1014, False Statement to a Financial Institution (thirty months imprisonment followed by thirty-six months supervised release).[1]

After his release from prison on both offenses,[2] Mr. Paisola admitted to making a false loan application in violation of the terms of his supervised release in the false statement case. He was sentenced to eighteen months imprisonment, followed by eighteen months supervised release. While imprisoned on his revocation in the false statement case, he admitted to violating his supervised release in the child pornography case by making a different false loan application when he was still at large.[3] For this second violation, he received a sentence of

---

[1]The sentences were imposed in separate proceedings before different district judges of the District of Utah (Central Division). Mr. Paisola was sentenced by Judge David Sam in the false statement case June 5, 1997. He was sentenced by Judge David K. Winder in the child pornography case July 17, 1998 (the offense was committed before his imprisonment on the false statement case).

[2]Mr. Paisola was released from prison May 19, 1999, and began a concurrent term of supervised release.

[3]Mr. Paisola violated the terms of his supervised release in the child pornography case on January 18, 2002. He violated the terms of his supervised release in the false statement case on January 22, 2002. His supervised release in

sixteen months, followed by eighteen months supervised release. Critically, the district court ordered this sentence to run consecutive to his term of imprisonment in the false statement revocation. At issue in this appeal is the authority of the district court to order a consecutive sentence in a revocation proceeding after having originally imposed a concurrent sentence.

"[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . ." 18 U.S.C. § 3584(a). We review a district court's decision to impose concurrent or consecutive sentences for an abuse of discretion. *United States v. Williams*, 46 F.3d 57, 58 (10th Cir.), *cert. denied,* 516 U.S. 826 (1995). "The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b). In sentencing for a violation of supervised release, the court shall consider "the applicable guidelines or policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3553(a)(4)(B). "Any term of imprisonment imposed upon the revocation of probation or supervised release *shall* be ordered to be served consecutively to any sentence of imprisonment that

_____

the false statement case was revoked, and he was imprisoned by Judge Sam on June 20, 2002. His supervised release in the child pornography case was revoked, and he was imprisoned by Judge David K. Winder on July 11, 2002.

-3-

the defendant is serving . . . ." U.S.S.G. § 7B1.3(f) (Revocation of Probation or Supervised Release (Policy Statement)) (2001) (emphasis added).

Notwithstanding the mandatory language of U.S.S.G. § 7B1.3(f), "[t]he policy statements concerning sentencing for supervised release violations contained in Chapter 7 of the guidelines are advisory only and do not limit a district court's discretion to impose sentence." *United States v. Urcino-Sotello,* 269 F.3d 1195, 1197 (10th Cir. 2001). However, the defendant bears the burden "to come forward with a reason upon which the district court could exercise its discretion to impose concurrent sentences in spite of § 7B1.3(f)." *Id.* This is a significant burden because it is unlikely a district court's decision to follow a policy statement of the Sentencing Guidelines will be an abuse of discretion. Mr. Paisola has not met this burden.

Mr. Paisola argues the district court was required to run the term of imprisonment imposed for revocation of his supervised release in the child pornography case concurrent with the term of imprisonment he was already serving for revocation of his supervised release in the false statement case because the district court had ordered the original sentences to run concurrently.[4]

---

[4]Mr. Paisola also argues the consecutive terms of imprisonment violate the requirement of 18 U.S.C. § 3583(e), which mandates that the total term of imprisonment resulting from a revocation of supervised release on a Class C felony not exceed two years. Each of his federal violations is a Class C felony. *See* 18 U.S.C. § 3559(a)(3). However, neither term of imprisonment imposed

-4-

In support of this proposition, Mr. Paisola inexplicably cites *United States v. Controneo,* 89 F.3d 510 (8th Cir.), *cert. denied,* 519 U.S. 1018 (1996). The facts in *Controneo* are nearly identical to those presented here.[5] In *Controneo* the court rejected the very argument Mr. Paisola now advances. It noted, "[t]he decision to impose a consecutive or concurrent sentence upon revocation of supervised release is committed to the sound discretion of the district court . . . ." *Id.* at 512. It then stated:

> Because § 3584(a) is not limited, in terms, to the imposition of sentence at the conclusion of trial (as distinguished from the imposition of sentence after revocation of a defendant's supervised release), we conclude that the District Court retains discretion to impose either concurrent or consecutive sentences after revocation of a defendant's supervised release.

*Id.* at 513.

While we have not previously addressed the precise issue raised by Mr. Paisola, we agree with the Eighth Circuit. The district court 's original decision

---

here exceeded two years. Mr. Paisola's argument that the terms imposed in the revocation proceedings must be combined and then applied against the two year limitation is without merit. We are likewise unconvinced by his companion argument that the combined terms of imprisonment and supervised release imposed after his revocation proceedings violate the three year limitation on the total terms of imprisonment and supervised release imposed by 18 U.S.C. § 3583(h).

[5]While imprisoned for credit card fraud, Mr. Controneo was sentenced to a concurrent term of imprisonment for escape. After his release from prison, he violated the conditions of his supervised release. He was imprisoned again on each charge, this time to consecutive terms.

to allow sentences to run concurrently does not irrevocably commit it to that course in spite of changed circumstances. If a criminal violates the terms of supervised release, the district court not only may, but should, revisit the issue. The statutes and the policy expressed in the Sentencing Guidelines suggest the sentences should run consecutively, but ultimately the decision is committed to the sound discretion of the district court, taking into account the new situation. This being so, and finding no abuse of discretion after a careful review of the record, we **AFFIRM** the decision of the district court.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge