# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1376

_____

United States of America,      *
         *

      Appellee,       *
         *   Appeal from the United States
    v.              *   District Court for the Eastern District
         *   of Missouri.
Mark A. Hunt,       *
         *       [UNPUBLISHED]
      Appellant.     *

_____

Submitted: March 16, 2007
Filed: March 27, 2007

_____

Before MELLOY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Mark Hunt was previously convicted of the felony offense of possession of a firearm during and in relation to a drug trafficking crime and sentenced to sixty months of incarceration and a five-year term of supervised release. The terms of Hunt's supervised release included a requirement that Hunt refrain from committing additional crimes. While on supervised release, Hunt was indicted and pleaded guilty to the felony offenses of conspiracy to distribute and possess with intent to distribute heroin; distribution of heroin; and possession with intent to distribute heroin. Hunt was sentenced to a total of ninety-six months of incarceration for these new convictions.

At a supervised release revocation hearing, Hunt admitted he violated the terms of his supervised release by, among other things, committing the felony offenses listed above. The district court[1] sentenced Hunt to fifty-eight months of imprisonment, to be served consecutively to the term of incarceration for his new convictions. Hunt appeals, arguing that his revocation sentence is unreasonable. We affirm.

Hunt's sentence is not unreasonable. See United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (stating that, after United States v. Booker, 543 U.S. 220 (2005), revocation sentences are reviewed for unreasonableness). The sentence is within authorized limits. See 18 U.S.C. § 3583(e)(3). The court considered appropriate factors in imposing the revocation sentence, including the nature of the violations, the need for general deterrence, and the pertinent policy statements in Chapter 7 of the United State Sentencing Guidelines. See 18 U.S.C. §§ 3583(e)(3); 3553(a). Notably, the same judge who imposed Hunt's original sentence presided over his revocation. Thus, the district court was familiar with Hunt's history and characteristics. See United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005) (considering, among other things, the district court's familiarity with the defendant from imposing the original sentence in finding no abuse of discretion in the revocation sentence).

We further conclude that requiring the sentence to be served consecutively did not render it unreasonable. It was well within the district court's discretion to impose a consecutive sentence. See 18 U.S.C. § 3584(a); United States v. Cotroneo, 89 F.3d 510, 512-13 (8th Cir. 1996).

Accordingly, we affirm.

_____

___

[1] The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.