# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3970

_____

United States of America,

        Plaintiff - Appellee,

v.

Kyle Anthony Doolin,

        Defendant - Appellant.

Appeal from the United States
District Court for the
Northern District of Iowa.

[UNPUBLISHED]

_____

Submitted: September 25, 2007
Filed: October 26, 2007

_____

Before BYE, BENTON and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kyle Anthony Doolin appeals the district court's[1] decision to revoke his supervised release pursuant to 18 U.S.C. § 3583(e). Finding six grounds for revocation present, the district court revoked Doolin's release, and sentenced him to 18 months in prison. He argues on appeal that the district court erred by: (1) failing to continue the revocation hearing because his court-appointed attorney was not prepared; and (2) revoking his supervised release because that finding was not supported by the evidence. We affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

We first consider the district court's decision to deny Doolin's request for a continuance. "We will reverse a district court's decision to deny a motion for continuance only if the court abused its discretion *and* the moving party was prejudiced by the denial." United States v. Thurmon, 368 F.3d 848, 851 (8th Cir. 2004) (quoting United States v. Controneo, 89 F.3d 510, 514 (8th Cir. 1996)) (emphasis added). The grant of continuances is disfavored and "should be granted only when the party requesting one has shown a compelling reason." Controneo, 89 F.3d at 514.

Doolin argues the district court should have granted him a continuance because his court-appointed attorney was not prepared for the revocation hearing. Doolin contends that his court-appointed attorney did not prepare for the hearing because he knew Doolin had retained private counsel. The district court found this contention to be without merit. After reviewing the record, we agree.

First, Doolin did not present any evidence that he had actually retained private counsel. The district court contacted Doolin's purportedly retained counsel and learned that he had not been "technically retained," had not made a formal appearance for the record, and had made no effort to contact the Government regarding Doolin's case. Second, the district court observed that Doolin's court-appointed attorney had worked on his case for a month leading up to the revocation hearing and was therefore familiar with the issues to be raised during it. Third, at no point during the revocation hearing did Doolin represent to the district court that his court-appointed attorney had failed to prepare for the hearing in light of his alleged hiring of private counsel. And fourth, Doolin's court-appointed attorney never represented to the district court that he was unprepared for the hearing. Because Doolin did not present the district court with a compelling reason for granting a continuance, we find that it did not abuse its discretion by denying him one.

We next consider the district court's decision to revoke Doolin's supervised release. In reviewing a supervised release revocation, we review the district court's factual findings for clear error. See United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003). The ultimate decision to revoke is reviewed for abuse of discretion. See id.

Doolin argues there was insufficient evidence to support revocation. Having reviewed the record, we conclude there was clearly "enough evidence . . . to satisfy the district judge that the conduct of the probationer has not met the conditions of probation." United States v. Leigh, 276 F.3d 1011, 1012 (8th Cir. 2002). We are therefore satisfied that the Government established by a preponderance of the evidence that Doolin violated his supervised release. See 18 U.S.C. § 3583(e)(3), (g) ("The [district] court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release . . . if the court finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . .").

Because the district court found Doolin violated his supervised release in six different ways, and the Government presented ample testimony to establish the majority (if not all) of these violations, we reject Doolin's suggestion that this Court should remand this matter because it is unclear what role his alleged wrongful possession of wine (one of the violations of his supervised release) played in the district court's decision. He contends that when it is unclear whether the district court's disposition of a petition for revocation of supervised release would be the same after some of the violations are not affirmed on appeal, this Court should remand for a new revocation hearing. See United States v. Hill, No. 95-2437EM, 1995 U.S. App. LEXIS 36113 (8th Cir. Dec. 21, 1995) (per curiam) (unpublished). In Hill, the district court found that the defendant violated four conditions of his supervised release and sentenced him to nine months' imprisonment. On appeal, the government conceded it had not proven the most serious of the alleged violations (driving a motor

vehicle while intoxicated), but contended "the district court could properly base its decision on the remaining violations and decide that revocation was warranted." 1995 U.S. App. LEXIS 36113, at *2. This Court remanded because it could not tell from the record whether the district court would reach the same disposition based on the remaining three, less serious violations.

In contrast, the record here reflects that aside from the alleged wrongful possession of wine, Doolin committed a number of serious violations, including assaulting his nephew, associating with a known felon and leaving the judicial district on multiple occasions. The district court also based its decision to revoke Doolin's supervised release, in part, on the fact that it had previously modified his supervised release (after an earlier violation) without resorting to incarceration, but that this more lenient sanction had little positive impact on his behavior. Therefore, it is clear from this record the district court would have revoked Doolin's supervised release and ordered him imprisoned regardless of the violation relating to the wine. While it is possible the district court might not have sentenced Doolin to a term above the guideline range absent a second law violation, that issue is not before us because he did not challenge the length of his sentence on appeal. Because Doolin violated multiple terms of his supervised release, the district court did not abuse its discretion by ordering revocation.

For the foregoing reasons, we affirm the district court.

_____