# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2296

_____

United States of America,

      Appellee,

v.

Ronald James Kies,

      Appellant.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

_____

Submitted: April 16, 2008
Filed: April 21, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Ronald Kies (Kies) appeals the 21-month prison sentence the district court[1] imposed after revoking his supervised release. For reversal, Kies argues his sentence is unreasonable because the court failed to consider the 18 U.S.C. § 3553(a) factors and gave undue consideration to the Guidelines' policy statements recommending consecutive sentences in revocation cases. We affirm.

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Upon careful review of the revocation hearing transcript, we conclude the district court properly considered the factors set forth in section 3553(a), including the recommended Guidelines revocation range, the lenient treatment Kies received for his repeated past violations, the seriousness of the instant violations, and Kies's refusal to conform his conduct to societal norms, see 18 U.S.C. § 3553(a)(1) (nature and circumstances of offense and history and characteristics of defendant), (a)(2)(A) (need for sentence imposed to promote respect for law), (a)(2)(C) (need for sentence imposed to protect public from further crimes of defendant), (a)(4)(B) (applicable Guidelines or policy statements in case of supervised release violation). Therefore, we hold the resulting sentence is not unreasonable. See United States v. Larison, 432 F.3d 921, 924 (8th Cir. 2006) (concluding a 60-month sentence imposed upon revocation of supervised release was not unreasonable where the court considered repeated violations of supervised release, defendant's inability to complete drug treatment programs, and his continuing criminal conduct in the face of leniency from the probation office).

We further conclude the district court did not abuse its discretion in making the 21-month sentence consecutive to Kies's state sentence. See U.S.S.G. § 7B1.3(f) (declaring the term of imprisonment imposed upon revocation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment defendant is serving); United States v. Cotroneo, 89 F.3d 510, 512 (8th Cir. 1996) (stating a decision to impose a consecutive or concurrent sentence upon revocation of supervised release is committed to the court's sound discretion).

We affirm.

_____