# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 23, 2010

Lyle W. Cayce
Clerk

No. 09-50912
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORY SCOTT PERKINS,

Defendant-Appellant

c/w No. 09-51009
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORY SCOTT PERKINS, also known as Gregory Scott Hawkins,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:06-CR-351-1
USDC No. 5:06-CR-88-1

No. 09-50912 c/w
No. 09-51009

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Gregory Scott Perkins was sentenced to two concurrent five-month terms of imprisonment and two concurrent terms of one year of supervised release. Shortly afterward, the same district court sentenced Perkins to two concurrent four-month terms of imprisonment and two concurrent one-year terms of supervised release. The four-month terms were ordered to be run consecutively to the five-month terms. The district court later revoked all four terms of supervised release, and Perkins now appeals the four consecutive one-year sentences imposed on revocation. We affirm.

Perkins maintains that his revocation sentences must be vacated as being either unreasonable or plainly unreasonable. He contends that the sentences were greater than necessary to satisfy the requirements of 18 U.S.C. § 3553(a). As he did in the district court, he advances the following arguments: the district court was misled by the government's argument that a total sentence of 48 months would be below the range suggested by the Sentencing Guidelines; a court may not aggregate unimposable ranges in determining a revocation sentence; there could be only one sentence encompassing all four revocations; and various circumstances counseled in favor of mitigating his punishment.

Before *United States v. Booker*, 543 U.S. 220 (2005), an appellate court reviewed a sentence imposed for an offense for which there was no applicable Sentencing Guideline to determine whether it was plainly unreasonable or in violation of law. 18 U.S.C. § 3742(e)(4); *United State v. Mathena*, 23 F.3d 87, 89 (5th Cir. 1994); *see also Koon v. United States*, 518 U.S. 81, 96-97 (1996) (stating that sentences imposed pursuant to § 3742 were to be reviewed for abuse of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

discretion).    *Booker* directed appellate courts to review sentences for reasonableness and to apply an abuse of discretion standard in doing so.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  It is unclear whether the validity of a post-*Booker* revocation sentence turns on whether it is held to be reasonable or to be plainly unreasonable.  *United States v. Davis*, 602 F.3d 643, 647 n.5 (5th Cir. 2010).  The government, however, contends that Perkins is limited to review for plain error because he did not object to the sentence actually imposed. But given that Perkins is unable to show that his sentence is infirm even under an abuse of discretion standard, we need not decide whether the plain error standard applies.  *See United States v. Rodriguez,* 523 F.3d 519, 525 (5th Cir. 2008).

On revocation of supervised release, a district court may impose any sentence that falls within the statutory maximum term, but must consider the Guidelines' policy statements, *see* U.S.S.G. Ch.7, Pt.B, and the factors enumerated in § 3553(a) before it does so.  *Davis*, 602 F.3d at 646.  As Perkins acknowledges, the statutory maximum term of imprisonment on the revocation of his supervised release was one year for each conviction.  *See* § 3583(e)(3). Imposing one-year prison terms on revocation of Perkins's supervised release was therefore proper.  *See United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997).  We reject Perkins's contention that it was error to order that the sentences run consecutively.  A district court has the discretion to impose consecutive sentences on revocation.  18 U.S.C.§ 3584(a); *United States v. Cotroneo*, 89 F.3d 510, 512 (5th Cir. 1996).  Further, the transcript of the revocation hearing shows that the district court considered the § 3553(a) factors and the Guidelines' policy statements, understood and applied the statutory limitation on the sentencing range suggested by those statements, and understood its authority to order the four sentences to be run consecutively.

AFFIRMED.