# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2010

Lyle W. Cayce
Clerk

No. 09-51176
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TONY LAM,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CR-810-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Tony Lam appeals the 15-month sentence he received on revocation of his supervised release, following his guilty plea conviction for possession with intent to distribute 500 grams or more of cocaine. Lam argues that the sentence imposed on revocation was unreasonable because it was imposed to run consecutively to the 80-month sentence imposed for the underlying conviction and that the court abused its discretion in denying his request to impose a concurrent sentence. Lam contends that the district court failed to state its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasons for imposing a consecutive sentence and that the failure to state such reasons evinced a failure to consider the 18 U.S.C. § 3553(a) factors.

We have yet to address whether sentences imposed upon revocation of supervised release are to be reviewed under the "unreasonableness" standard of *United States v. Booker*, 540 U.S. 220 (2005). Prior to *Booker*, we applied a "plainly unreasonable" standard. *See United States v. Hinson*, 429 F.3d 114, 119–20 (5th Cir. 2005). We need not decide the correct standard today because Lam's sentence is appropriate under either standard. *See id*. at 120. To the extent that Lam challenges the district court's failure to provides reasons for imposing a consecutive sentence, plain error review is applicable because Lam did not object in the district court on this ground. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

"The decision to impose a consecutive . . . sentence upon revocation of supervised release is committed to the sound discretion of the district court." *United States v. Cotroneo*, 89 F.3d 510, 512 (5th Cir. 1996). The district court's decision to run the revocation sentence consecutive to the sentence on the underlying charge was authorized by statute and is preferred under the guidelines policy statements. *See* 18 U.S.C. § 3584; U.S.S.G. § 7B1.3(f) & comment. (n.4.). Additionally, the sentencing transcript reflects that the district court considered the § 3553(a) factors when imposing Lam's revocation sentence. Although the district court did not expressly identify its reasons for imposing a consecutive sentence, any error in failing to explain that choice does not warrant relief under plain error review because Lam cannot show that any error had an effect on the outcome of the sentencing proceedings. *See Mondragon-Santiago*, 564 F.3d at 361; *see also United States v. Whitelaw*, 580 F.3d 256, 261-65 (5th Cir. 2009).

No. 09-51176

Accordingly, Lam's revocation sentence satisfies the "plainly unreasonable" and *Booker* "unreasonableness" standards. *See Hinson*, 429 F.3d at 120.

AFFIRMED.