# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50365
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 17, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO ALBARRAN-SANCHEZ,

Defendant - Appellant

Cons. w/ No. 13-50388

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FRANCISCO ALBARRAN-SANCHEZ, also known as Julian Jarfias Salazar, also known as Francisco Alvarez-Sanchez, also known as Marco Antonio Sandova Cruz,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1156-1
USDC No. 2:12-CR-1842-1

No. 13-50365
c/w No. 13-50388

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Francisco Albarran-Sanchez appeals the 24-month within-guidelines sentence imposed for his illegal reentry conviction and the 16-month within-guidelines sentence imposed following revocation of supervised release for a prior illegal reentry conviction. Albarran-Sanchez claims that the sentence was greater than necessary to satisfy the requirements of the 18 U.S.C. § 3553(a) factors. He asserts that the sentence should not be subject to the presumption of reasonableness because U.S.S.G. § 2L1.2 lacks an empirical basis, but he acknowledges that this argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 365-67 (5th Cir. 2009). He also claims that § 2L1.2 double-counted his criminal history and overstated the seriousness of the offense, which is merely an international trespass. He asserts that the sentence failed to reflect his personal history and characteristics, including the facts that he came to the United States to obtain work when he was 15 years old, earned much less when he was removed to Mexico, returned to the United States to obtain work to support his United States citizen son, his mother, and his sister, arguing that his motive mitigated the seriousness of the offense.

We review sentences for reasonableness in light of the § 3553(a) factors, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-50 (2007). Under the bifurcated review process adopted in *Gall*, we first consider whether the district court committed procedural error, then examine the sentence for substantive reasonableness. *Gall*, 552 U.S. at 51; *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010). A sentence within the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50365
c/w No. 13-50388

advisory guidelines range is entitled to a presumption of reasonableness. *United States v. Duarte*, 569 F.3d 528, 529-31 & n.11 (5th Cir. 2009).

After the district court considered the PSR and Albarran-Sanchez's personal history and characteristics, it determined that a sentence within the advisory guidelines range was appropriate. We have rejected the contention that the use of prior convictions to increase the offense level and also to calculate criminal history is impermissible double-counting. *See Duarte*, 569 F.3d at 529-31. We have also rejected the contention that illegal reentry is not a serious offense, but only an international trespass. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Albarran-Sanchez's disagreement with "the propriety of the sentence imposed" is not sufficient to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). As Albarran-Sanchez has not shown that the district court failed to give proper weight to his arguments or a § 3553(a) factor, he has failed to rebut the presumption of reasonableness that applies to his within-guidelines sentence for the illegal reentry offense. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Albarran-Sanchez has also failed to show that the revocation sentence was substantively unreasonable. The 16-month sentence was within the advisory policy range of 12 to 18 months of imprisonment. *See* U.S.S.G. §§ 7B1.1, 7B1.4. The district court had the discretion to order that the sentences be served consecutively. *See* 18 U.S.C. § 3584(a); U.S.S.G. §§ 5G1.3(c) & comment. (n.3(C)), 7B1.3(f) & comment. (n.4) p.s.; *see also United States v. Cotroneo*, 89 F.3d 510, 512 (5th Cir. 1996). As the sentence both fell within the advisory range and was consistent with the Guidelines' advice regarding consecutive sentences, it is entitled to a presumption of reasonableness. *See United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006). Albarran-Sanchez has failed to show that the district court abused its

3

No. 13-50365
c/w No. 13-50388

discretion by imposing the consecutive sentence or to rebut the presumption of reasonableness. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008). Further, the record supports the sentence in view of Albarran-Sanchez's criminal history and the facts that he was removed from the United States five times, that he used numerous different aliases and two different birth dates, and that he immediately returned to the United States after being deported in June 2012. *See United States v. Gonzalez*, 250 F.3d 923, 929-31 (5th Cir. 2001).

AFFIRMED.