# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50957
c/w No. 18-50958
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO QUINTELA-GALINDO

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:13-CR-488-3
USDC No. 4:18-CR-211-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Fernando Quintela-Galindo appeals the sentence imposed following the revocation of his supervised release. He challenges the substantive reasonableness of his 24-month term of imprisonment, which fell within the range of the guidelines policy statement and which was ordered to run

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50957
c/w No. 18-50958

consecutively with the sentence imposed for the new law violation of aiding and abetting possession with intent to distribute marijuana.

Sentences imposed upon revocation of supervised release are reviewed under 18 U.S.C. § 3742(a)(4)'s "plainly unreasonable" standard, which is more deferential than the reasonableness standard applicable to sentences imposed upon conviction. *See United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). The district court heard Quintela-Galindo's mitigating arguments and concluded that a consecutive, within-guidelines sentence of 24 months was appropriate. His arguments here amount to a disagreement with the district court's balancing of the 18 U.S.C. § 3553(a) sentencing factors and decision to run the sentences consecutively. This court will not reweigh those factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Further, he cannot establish any error in connection with the district court's decision to impose consecutive sentences. *See United States v. Cotroneo*, 89 F.3d 510, 512 (5th Cir. 1996); *see also* U.S.S.G. § 7B1.3(f), p.s. Quintela-Galindo has not overcome the presumption of reasonableness that applies. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008). The district court's revocation sentence is affirmed (No. 18-50957).

Although Quintela-Galindo appealed the judgment on the new law violation, he raises no challenge to that conviction or sentence, citing the appeal waiver in his plea agreement. Thus, the judgment underlying that appeal (No. 18-50958) is likewise affirmed. Quintela-Galindo's pro se motion for appointment of new counsel which, on its face, is labeled "ex parte," is stricken for failure to comply with Federal Rule of Appellate Procedure 25(b) and (d) requiring service of all filings and proof thereof. Alternatively, it is denied as untimely. *See United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998).

No. 18-50957
c/w No. 18-50958

AFFIRMED; MOTION TO APPOINT NEW COUNSEL STRICKEN.