# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2175

_____

United States of America

*Plaintiff - Appellee*

v.

Joe Chantharath

*Defendant - Appellant*

_____

No. 24-2176

_____

United States of America

*Plaintiff - Appellee*

v.

Joe Chantharath, also known as Joe Psycho, also known as Psycho

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: September 15, 2025
Filed: November 6, 2025
[Unpublished]

_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

About a month after being released from prison for selling methamphetamine, Joe Chantharath sold methamphetamine to a confidential source. He pleaded guilty to distributing methamphetamine, 21 U.S.C. § 841(a)(1), and admitted to violating the conditions of his supervised release. The district court[1] varied up by 14 months, sentencing Chantharath to 135 months in prison for the drug conviction and 24 consecutive months for the supervised release violation. Chantharath appeals.

Chantharath argues that his 135-month sentence for distribution is substantively unreasonable. The district court found Chantharath's quick return to drug distribution to be "very aggravating" and concluded that he lacked respect for the law and was highly likely to reoffend. The court did not abuse its discretion by giving more weight to those factors than to Chantharath's admission of guilt, consent to a search of his home, work ethic, or nonviolent conduct. See United States v. Dautovic, 763 F.3d 927, 934 (8th Cir. 2014) (standard of review); United States v. Noriega, 35 F.4th 643, 652 (8th Cir. 2022) ("[R]eversal is not appropriate simply because the district court did not weigh the § 3553(a) factors as [defendant] preferred.").

Chantharath also argues that his 24-month revocation sentence should have been concurrent to his 135-month sentence for distribution. "The decision to impose a consecutive or concurrent sentence upon revocation of supervised release is committed to the sound discretion of the district court." United States v. Cotroneo, 89 F.3d 510, 512–13 (8th Cir. 1996) (citations omitted). The district court did not abuse its discretion by considering Chantharath's mitigating factors to be outweighed by his decision to return to drug distribution only one month after being

_____

[1]The Honorable Timothy L. Brooks, then United States District Judge for the Western District of Arkansas, now Chief Judge.

released from prison.  <u>See</u> U.S.S.G. § 7B1.3(f) ("Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving . . . .").

Affirmed.

_____