# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1293

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| John Robert Ralph, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 16, 2007
Filed: March 30, 2007

_____

Before MELLOY, SMITH, and BENTON, Circuit Judges.

_____

SMITH, Circuit Judge.

John Robert Ralph's supervised release was revoked after the district court[1] determined that Ralph violated two conditions of his supervised release. Ralph appeals, arguing that the district court erroneously relied on the inconsistent testimony of one government witness in revoking his supervised release and that insufficient evidence exists that he failed to timely report an arrest to justify revocation of his supervised release. We affirm.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

I. *Background*

Ralph was convicted of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Ralph to a term of imprisonment of one year and one day, to be followed by three years of supervised release.

At the time of Ralph's federal sentence, he had been charged in the Circuit Court of Wayne County, Missouri, with attempted sodomy in the first degree for committing a deviant sex act with a child less than 14 years old. After his release from federal prison, Ralph was sentenced to 10 years' imprisonment for the state charge. However, his sentence was suspended, and he was placed on five years' probation. As a special condition of that probation, Ralph was prohibited from having unsupervised contact with minor children other than his biological children.

Ralph subsequently became involved with Karen Reed. Reed had three children, one of which was L.R., an 11-year-old girl. Ralph began spending nights at Reed's residence. According to L.R., shortly before midnight one evening, Ralph entered her bedroom, walked over to her bed, and put his hand under her shorts. She said that he inserted his fingers into her vagina and fondled her for 20 minutes. She said that Ralph instructed her not to tell anyone and that they might do it again another time.

Thereafter, Reed received information that Ralph was a convicted sex offender. She asked her children if Ralph had inappropriately touched them, and L.R. told Reed that Ralph had entered her bedroom and fondled her. Reed immediately reported the incident to authorities. A Missouri Division of Family Services (DFS) worker interviewed L.R. about the molestation event and made a tape of the interview.

Ralph was arrested on a warrant charging him with violating the terms of his state probation. According to the United States Probation Office, Ralph failed to

report this arrest. Ralph was found to have violated the terms of his state probation and was sentenced to 10 years' imprisonment.

Subsequently, a federal arrest warrant was issued for Ralph based on a petition to revoke his supervised release. The petition alleged two violations of supervised release: (1) that Ralph committed a state crime by molesting L.R. and (2) that he failed to notify his probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

The United States Probation Office prepared a Sentencing Computation Summary. The report reflected that molestation is a Grade A violation under U.S.S.G. § 7B1.1(a)(1)(A)(ii). The allegation of failing to report the arrest is a Grade C violation under § 7B1.1(a)(3)(B). Ralph's presentence investigation report for the prior federal crime reflected a Category I criminal history, meaning that if the district court found that Ralph violated the conditions of his supervised release, he would be exposed to a maximum statutory range of two years and an advisory Guidelines range of 12 to 18 months.

At the conclusion of Ralph's revocation hearing, the district court found that Ralph violated both supervised release conditions and sentenced Ralph to 16 months' imprisonment to be served consecutively to his 10-year term of state imprisonment. Additionally, the district court ordered Ralph to serve a 20-month term of supervised release after his release from federal prison.

## II. *Discussion*

Ralph argues that the district court abused its discretion in revoking his supervised release (1) because of inconsistencies between L.R.'s testimony at the

revocation hearing and her statements to the DFS worker[2] and (2) because there was insufficient evidence that he failed to timely report his arrest to the United States Probation Office.

We review the district court's decision to revoke the defendant's supervised release for an abuse of discretion. *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003). We review for clear error the district court's factual findings as to whether a violation occurred. *Id.*

In *Carothers*, the defendant argued that the district court abused its discretion in revoking her supervised release because "the only evidence presented—'he said, she said' testimony—was insufficient to prove that she attempted to injure the alleged victim . . . ." *Id.* We noted that, in revoking the defendant's supervised release, the district court had "implicitly found that the alleged victim's testimony was credible and that [the defendant's testimony] was not credible." *Id.* Because such credibility determinations are "virtually unreviewable on appeal," we held that "the district

_____

[2]Ralph notes approximately six inconsistencies between L.R.'s testimony at the revocation hearing and her statements to the DFS worker. First, while L.R. testified at the revocation hearing that she was wearing a T-shirt and shorts on the evening of the alleged molestation, she told the DFS worker that she could not remember what type of clothing she was wearing. Second, at the hearing, L.R. stated that Ralph put his hand down her pants and inserted "them" into her vagina; in contrast, she told the DFS worker that Ralph touched her with his hand and put his finger inside of her. Third, L.R. testified at the hearing that Ralph told her that they might do it again another time, while she failed to tell the DFS worker about this statement. Fourth, while L.R. testified at the hearing that Ralph was in her room for approximately 20 minutes, she was unable to tell the DFS worker how long Ralph was in her room. Fifth, L.R. testified at the hearing that she was not angry or upset on the evening of the alleged molestation, but she told the DFS worker that she was "mad." Finally, L.R. testified at the hearing that she learned from her mother that Ralph was a previously convicted sex offender; in contrast, she told the DFS worker that she knew before the molestation that Ralph had molested his step daughter.

court's conclusion that [the defendant] committed the assault was not clearly erroneous." *Id.*

As in *Carothers*, the district court implicitly determined that L.R. was credible and that Ralph was not. Likewise, the district court credited United States Probation Officer Sherry Persinger's testimony that Ralph failed to report his arrest. Because the district court had a distinct advantage at evaluating the credibility of Ralph, L.R., and Persinger, and because such credibility determinations are virtually unreviewable on appeal, we hold that the district court did not clearly err in finding that Ralph violated the conditions of his supervised release. "Furthermore, upon finding that [Ralph] violated [two] express term[s] of [his] supervised release, the district court did not abuse its discretion in ordering revocation." *Id.*

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____