# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-2556

_____

United States of America

*Plaintiff - Appellee*

v.

Wayne Michael Fisher

*Defendant - Appellant*

_____

No. 17-2557

_____

United States of America

*Plaintiff - Appellee*

v.

Wayne Michael Fisher

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of Minnesota

_____

Submitted: June 11, 2018
Filed: August 20, 2018
[Unpublished]
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In June 2007, the district court[1] sentenced Wayne Michael Fisher to 120 months of imprisonment, followed by three years of supervised release, based on a jury verdict finding him guilty of being a felon in possession of a firearm. Toward the end of Fisher's sentence, the United States Bureau of Prisons placed him in a transitional facility in North Dakota, from which he escaped before completing his sentence. Law enforcement officials subsequently apprehended him. He pled guilty to escaping and was sentenced to six months of imprisonment, followed by three years of supervised release. In May 2016, he was released to supervision on both offenses in Minnesota.

In June 2016, Fisher violated a condition of his supervised release prohibiting association with persons engaged in criminal activity or convicted felons. Based on his admission to that violation, the district court revoked his supervision and sentenced him to six months of imprisonment, followed by 180 days of home confinement, with supervised release ending on the original expiration date in November 2018.

---

[1] The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

In April 2017, Fisher removed the GPS bracelet used for his home confinement and left his home. Law enforcement found and arrested him in June 2017. Fisher admitted to the district court that he violated the conditions of his supervised release. He requested that the district court give him another chance, perhaps with some counseling, insisting that he needed help. The United States of America ("the Government") recommended "a significant amount of time in custody" followed by no further supervision. The district court imposed a sentence of 24 months of imprisonment, followed by no further supervised release. Fisher argues on appeal that the prison sentence was substantively unreasonable.

We review revocation sentences under the same deferential abuse of discretion standard that we apply to initial sentencing proceedings. *United States v. Richey*, 758 F.3d 999, 1001 (8th Cir. 2014). Although revocation sentences are determined under U.S. Sentencing Guidelines Manual § 7 ("U.S.S.G. § 7" or the "Chapter 7 policy statements") rather than the sentencing guidelines, we have given the same deference to sentences imposed under either regime. *See, e.g.*, *United States v. Valure*, 835 F.3d 789, 791 (8th Cir. 2016); *see also* 18 U.S.C. § 3553(a)(4)(B) (requiring that courts consider "the applicable guidelines or policy statements" in any revocation sentence).

Thus, we review a sentence for reasonableness in relation to the advisory sentencing range and the factors from 18 U.S.C. § 3553(a) as cited in 18 U.S.C. § 3583(e). *See United States v. Nelson*, 453 F.3d 1004, 1006 (8th Cir. 2006).[2] "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of

---

[2]The Government correctly observes that 18 U.S.C. § 3583(e) does not incorporate the "sufficient, but not greater than necessary" language of 18 U.S.C. § 3553(a) that describes application of § 3553(a)(2). However, we conclude that technical point makes no material difference in assessing the applicable § 3553(a)(2) factors in this case.

judgment in weighing those factors." *United States v. Kreitinger*, 576 F.3d 500, 503 (8th Cir. 2009) (quoting *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008)).

On Fisher's presentation of the facts, it is plausible the district court committed an abuse of discretion by imposing a sentence far above the recommended range on a Grade C violation. The Chapter 7 policy statements indicate that a defendant generally need not serve any prison term for such a low grade violation, although they also recommend some prison time for a violation of home detention. U.S.S.G. § 7B1.3(c)(2)–(3). The advisory range is 8 to 14 months of imprisonment for Fisher's violation at issue here, while the statutory maximum is 24 months. We have found no authority, and the Government cites none, where the statutory maximum sentence would be appropriate for a Grade C violation without further facts.

Unfortunately for Fisher, the following further facts are fatal to his appeal: his multiple violations of supervised release and his potential association with the "Native Mob" gang. We have repeatedly affirmed sentences far above the recommended range where a defendant has previously violated his supervised release and where his new violations risked serious criminal conduct. *See, e.g.*, *United States v. Beran*, 751 F.3d 872, 875 (8th Cir. 2014) (citing other similar examples). Fisher insists that he is trying to transition to life as a law-abiding citizen but is struggling mentally with the transition. In contrast, the Government believes he is not making a serious effort at change, arguing that his running away from home confinement was more about rejoining with the Native Mob than about having trouble adjusting to a new life. Our review of the record indicates that the district court shared the Government's view of the case. The question of whether Fisher was truly trying to adjust to regular life or was merely telling a story to avoid punishment is a question of his credibility. If he was trying to adjust, his frustration with the sentence is understandable. We are not in a position to assess credibility, however, because we only have the cold record in front of us rather than live testimony. *See United States v. Ralph*, 480 F.3d 888, 890 (8th Cir. 2007). There is no basis here to second-guess

the district court's credibility findings. Based on the district court's view of the facts and of Fisher's credibility, its approach on a second revocation of supervised release was within its discretion.

The Government also suggests that Fisher raised a procedural error challenge in his brief. To the extent that a paragraph of Fisher's substantive reasonableness challenge can also be construed as raising a procedural challenge for the first time on appeal, we see no cognizable argument there under plain error review.

We affirm.

_____