# United States Court of Appeals
### For the Eighth Circuit
_____

No. 21-1535
_____

United States of America,

*Plaintiff - Appellee*,

v.

Gary Lee Christinson,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: November 19, 2021
Filed: January 10, 2022
[Unpublished]
_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Gary Christinson appeals a judgment of the district court[1] revoking a term of supervised release and imposing sentence. Christinson argues that the court abused its discretion by revoking his release, but we conclude that the revocation was supported by the evidence, and we therefore affirm.

In May 2007, Christinson pleaded guilty to one count of conspiring to distribute methamphetamine. *See* 21 U.S.C. § 846. The district court sentenced him to 180 months' imprisonment, followed by five years of supervised release.

Christinson was released from prison in November 2018. Seven months later, the district court revoked Christinson's supervised release and sentenced him to a prison term of twelve months and a day, followed by another term of supervised release. One condition of release required Christinson to participate in a program of testing for substance abuse.

Christinson began his second term of supervised release in May 2020. In late January 2021, the government filed a petition to revoke Christinson's release. The petition alleged that Christinson had failed to comply with the drug-testing condition of his release by using a "urine defeating device." After a hearing, the district court revoked Christinson's supervised release and sentenced him to fourteen months' imprisonment, followed by a supervised release term of twenty-four months.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

At the revocation hearing, urinalysis administrator Keith Hanks testified that he was responsible for monitoring supervisees like Christinson when they provided urine samples. Hanks testified that during an appointment on January 27, 2021, he observed Christinson using a "chalk white" device as he provided his sample. He also heard urine "dripping," rather than "flowing" naturally, into the specimen cup. Hanks said that he was familiar with the sort of device that he observed, and explained that it could be used to defeat a urine test by providing a clean sample supplied by another person. After Christinson had furnished the sample, Hanks checked the temperature gauge on the specimen cup. The gauge did not register, meaning that the temperature of the urine in the cup was well below the ninety-five degrees at which urine exits the body. Hanks concluded that the sample was not Christinson's and refused to accept it.

A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that he violated a condition of the release. 18 U.S.C. § 3583(e)(3). This court reviews a district court's factual findings for clear error and the ultimate decision to revoke supervised release for abuse of discretion. *United States v. Daye*, 4 F.4th 698, 700 (8th Cir. 2021) (per curiam). A factual finding is clearly erroneous if, viewing the record as a whole, we are left with the definite and firm conviction that a mistake has been committed. *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Here, the district court found Hanks's testimony credible and "compelling." Christinson suggests that Hanks might have been "honestly mistaken" about what he saw, but Hanks's testimony was not internally inconsistent, incoherent, or implausible, and Christinson offered no objective evidence to contradict it. We thus see no grounds for disturbing the court's credibility finding. *See United States v. Wright*, 739 F.3d 1160, 1166-67 (8th Cir. 2014); *United States v. Jones*, 254 F.3d 692, 695-96 (8th Cir. 2001). Hanks's testimony about the urine specimen provided

ample evidence to support the district court's finding that Christinson violated the drug-testing condition of his release. In light of that violation, the court acted within its discretion by revoking the term of supervised release.

The judgment of the district court is affirmed.

_____