United States Court of Appeals

For the Eighth Circuit

_____

No. 21-3766

_____

United States of America

*Plaintiff - Appellee*

v.

Dennis Brown, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: May 20, 2022
Filed: July 11, 2022
[Unpublished]

_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Dennis Brown, Jr. appeals from the district court's[1] revocation of his supervised release. Brown claims the revocation is unconstitutional because it was

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

based on acquitted conduct and that, even if acquitted conduct may be used to support a supervised release revocation, the government failed to prove by a preponderance of the evidence that he violated his conditions of release.

Brown began his term of supervised release on October 8, 2020. The conditions of his release included conditions that he must not commit a new crime, interact with anyone that he knows is engaged in criminal activity, or possess a firearm. In March 2021, Brown was indicted in federal court on charges of conspiracy to commit Hobbs Act robbery and firearms charges. As a result, Brown's probation officer filed a petition to revoke his supervision. The district court continued the revocation proceedings until the conclusion of Brown's trial. After a four-day trial, the jury returned a verdict acquitting Brown of all the new charges.

During the revocation hearing, the district court considered the trial evidence, and Brown did not object. After hearing a summary of the government's case and argument, the district judge (who also presided over the trial) noted that the jury "did a fine job" when it found Brown to be not guilty beyond a reasonable doubt. However, the district court continued: "Frankly, I have no reasonable doubt in my mind." Despite Brown's acquittal, in revoking Brown's sentence, the district court specifically credited the testimonies of two witnesses connecting Brown to the crimes and found Brown's explanation of the events to be not credible. The district court determined by a preponderance of the evidence that Brown committed new law violations, associated with individuals engaged in criminal activity, and possessed a firearm. After considering the factors set forth in 18 U.S.C. § 3553(a), the district court imposed a revocation sentence at the bottom of the advisory guidelines range, 24 months' imprisonment.

This case highlights the difficulty in using acquitted conduct to support a revocation sentence. Here the district court expressly disregarded the jury's verdict and imposed a sentence for what the district court described as "a very, very serious

offense." A sentence imposed upon revocation of supervised release is intended to provide a sanction for the defendant's "breach of trust" that followed from the original conviction. See United States Sentencing Commission, Guidelines Manual ch. 7, pt. A, intro. 3(b). It is not intended to provide a punishment for the new offense that gave rise to the revocation proceedings, although the sentencing judge may consider "to a limited degree, the seriousness of the underlying violation . . . ." Id. Based on the district court's statements, we are concerned that the government essentially got a second bite at the apple. But, because Brown did not object to the district court considering the trial evidence during the revocation hearing, we are required to consider his appeal under plain error review. United States v. Watters, 947 F.3d 493, 496 (8th Cir. 2020) (where defendant did not raise constitutional argument below, appellate court reviews only for plain error). Having carefully reviewed the record, we conclude that the district court did not commit plain error when it revoked Brown's supervised release. See United States v. Frederickson, 988 F.3d 76, 85-86 (1st Cir. 2021) (court may consider acquitted conduct in finding that defendant violated conditions of supervised release); see also United States v. Watts, 519 U.S. 148, 154-55 (1997) (per curiam) (sentencing court may consider conduct of which a defendant has been acquitted; acquittal on criminal charges does not prove that defendant is innocent, it merely proves the existence of reasonable doubt as to his guilt); United States v. Perkins, 526 F.3d 1107, 1109 (8th Cir. 2008) (court may find that commission of crime violates condition of release without regard to whether defendant was charged with crime).

We further conclude that the district court did not clearly err in finding that Brown violated the conditions of his supervised release, given the trial evidence before it. See 18 U.S.C. § 3583(e)(3) (court may revoke defendant's term of supervised release if it finds by preponderance of evidence that defendant violated condition of release); United States v. Ralph, 480 F.3d 888, 890 (8th Cir. 2007) (review of court's decision to revoke supervised release is for abuse of discretion;

review of underlying factual findings as to whether violation occurred is for clear error).

Accordingly, we affirm.

_____