United States Court of Appeals

For the Eighth Circuit

_____

No. 21-3572

_____

United States of America

*Plaintiff - Appellee*

v.

Bart Stanley Kerns

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: April 14, 2022
Filed: August 1, 2022
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.

_____

PER CURIAM.

While on supervised release, Bart Kerns set off a firework that damaged an Iowa bar. He was charged with criminal mischief in the second degree, but he entered an *Alford*[1] plea to criminal mischief in the fourth degree. His probation officer filed

_____

[1]*North Carolina v. Alford*, 400 U.S. 25 (1970).

a petition for revocation of his supervised release, which the district court[2] granted. The court determined that Kerns committed a Grade B violation based on the amount of loss he caused and sentenced him to 24 months' imprisonment. He appeals his sentence, arguing that the court erred in its violation-grade determination and that his sentence was substantively unreasonable. We affirm.

## I. *Background*

Kerns pleaded guilty to one count of being a felon in possession of a firearm and was sentenced to 37 months' imprisonment in November 2017. He began his 36-month term of supervised release in June 2020. He twice violated the terms of his supervision[3] before June 2021 when he committed the instant violation. His probation officer's petition to modify his conditions of supervision described the violation as "New Arrest–2nd Degree Criminal Mischief." R. Doc. 67, at 1. Kerns waived his right to a modification hearing and indicated that he "[did] not dispute that [he] ha[s] violated the conditions of [his] supervision, as outlined in the . . . petition." *Id*. at 3. The petition stated that "Kerns . . . set off an exploding firework which caused approximately $1[,]500 in damage." *Id*. at 1. The district court granted the petition to modify Kerns's conditions of supervision in July 2021, and he was thereafter required to enter a residential reentry program.

In September 2021, Kerns entered an *Alford* plea to the lesser included charge of criminal mischief in the fourth degree. The difference between the two offenses is principally the loss caused by the defendant's behavior. Criminal mischief in the

[2]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

[3]In November 2020, Kerns was cited by the Iowa Department of Natural Resources for illegal taking of a deer using a crossbow. His crossbow was removed but no modification was made to his release conditions. In January 2021, he tested positive for cocaine and methamphetamine. He was subjected to increased drug testing and monitoring and additional substance abuse treatment.

second degree involves loss exceeding $1,500 but not exceeding $10,000. Iowa Code § 716.4(1)(a). Criminal mischief in the fourth degree involves loss exceeding $300 but not exceeding $750. *Id*. § 716.6(1)(a)(1). After Kerns's plea, his probation officer filed a petition to revoke his supervised release, which the district court granted.

At the revocation hearing, the government argued that Kerns committed a Grade B violation. Grade B violations involve conduct that can result in a sentence of imprisonment "exceeding one year." U.S.S.G. § 7B1.1(a)(2). The government based its argument on Kerns's agreement to pay $1,500 in restitution, the minimum amount of loss involved in second-degree criminal mischief. Had he been convicted of second-degree criminal mischief, he would have been subject to up to five years' imprisonment. *See* Iowa Code § 902.9(1)(e). The government submitted the following as evidence: (1) the state complaint, which alleged that the "[o]ffense [c]ommitted" was "2nd degree criminal mischief," R. Doc. 86-1, at 1; (2) a supporting affidavit, which stated, that "[t]he explosion caused $1,500 [of] damage to The Talk Shop Lounge," *id*. at 2; (3) the plea petition, which stated that he entered an *Alford* plea to criminal mischief in the fourth degree and that he agreed to "[p]ay up front $1[,]500 in restitution," R. Doc. 86-2, at 2; and (4) the judgment conveying the same.

In reply, Kerns argued that he only committed a Grade C violation. Grade C violations involve conduct that can result in a sentence of imprisonment of one year or less, or "a violation of any other condition of supervision." U.S.S.G. § 7B1.1(a)(3). Kerns relied on his entry of an *Alford* plea to criminal mischief in the fourth degree in support of his argument. He could have been punished by no more than one year's imprisonment for fourth-degree criminal mischief. Iowa Code § 903.1(1)(b).

Based on the record before it, the district court concluded that Kerns committed a Grade B violation. Kerns did not object. With a Grade B violation and criminal history category of V, the court calculated his Guidelines range between 18 to 24 months' imprisonment. Kerns requested a downward variance to a sentence of 7

months' imprisonment. The court declined the request and imposed a term of 24 months' imprisonment at the high end of the Guidelines range. The court also stated that it would impose that term "under either [G]uideline[s] calculation"—whether it determined he committed a Grade B violation or a Grade C violation. R. Doc. 92, at 13. Kerns did not object to the sentence.

## II. *Discussion*
### A. *Procedural Error*

Kerns first challenges the district court's determination that he committed a Grade B violation. "We review the district court's decision to revoke supervised release for an abuse of discretion and any factual determinations underpinning the revocation . . . for clear error." *United States v. Daye*, 4 F.4th 698, 700 (8th Cir. 2021). "We will find clear error only when we are left 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Lalley*, 257 F.3d 751, 758 (8th Cir. 2001) (quoting *United States v. Williams*, 605 F.3d 556, 570 (8th Cir. 2010).

Kerns argues that he did not commit a Grade B violation because the offense to which he pleaded—criminal mischief in the fourth degree—was a misdemeanor that carried a maximum term of imprisonment that is shorter than what is required for classification as a Grade B violation. He argues that the state complaint that the government entered as an exhibit "d[id] not indicate what was damaged or how the damage was estimated." Appellant's Br. at 9. But "[t]he grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct." U.S.S.G. § 7B1.1 cmt. n.1.

The district court did not clearly err by determining that Kerns committed a Grade B violation given that he indicated that he did not dispute the allegations in the modification petition and that he agreed to pay $1,500 in compensation for loss. *See*

*United States v. Grady*, 772 F. App'x 390, 391 (8th Cir. 2019) (unpublished per curiam) ("[T]he district court did not plainly err in categorizing two of [the defendant's] supervised-release violations as Grade A—notwithstanding [his] assertions to the contrary—in light of his admission at the revocation hearing, which was supported by the allegations in the probation officer's petition."). Based on these facts, we are not definitely and firmly convinced that the district court committed a mistake. *See Lalley*, 257 F.3d at 758.

Kerns also essentially challenges the sufficiency of the evidence by contending that "the [g]overnment should have called [the law enforcement officer] who investigated the explosion," that "the [g]overnment could have provided an exhibit indicating what was damaged . . . or an estimation on the cost of repair," and that "the [g]overnment could have called eyewitnesses to explain what was damaged." Appellant's Br. at 11. The record evidence was sufficient. We hold that the district court did not clearly err by determining that Kerns committed a Grade B violation.

B. *Substantive Reasonableness*

Kerns also challenges the substantive reasonableness of the district court's sentence. "We review the substantive reasonableness of a revocation sentence under the abuse-of-discretion standard." *United States v. Beran*, 751 F.3d 872, 875 (8th Cir. 2014). "Sentences within the advisory Guidelines range are presumed reasonable, however. This presumption is rebuttable, but the burden is on a defendant to show his sentence should have been lower considering the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Herra-Herra*, 860 F.3d 1128, 1132 (8th Cir. 2017) (citations omitted). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008). "A district court does not impose a substantively unreasonable sentence merely because the district court attributes less

weight to a defendant's personal problems." *United States v. Gant*, 663 F.3d 1023, 1032 (8th Cir. 2011).

Kerns has not rebutted the presumption that his within-Guidelines-range sentence is reasonable. *See Herra-Herra*, 860 F.3d at 1132. He argues that the district court failed to properly consider whether his sentence was greater than necessary because he had served his initial 37-month sentence for being a felon in possession of a firearm. He also notes that the instant supervision violation was the only one resulting in a conviction. He acknowledged, however, that "[a]fter being released from his term of incarceration in 2020, [he] has had two . . . [other] violations." Appellant's Br. at 16. Before pronouncing its sentence the court noted Kerns's "very poor performance" on supervision and the court's concern for the respect of the law. R. Doc. 92, at 13.

Lastly, Kerns argues that the district court failed to properly consider his history and characteristics—specifically, "his severe mental health issues." Appellant's Br. at 17. His argument fails because the court heard his argument that "he will be able to more meaningfully engage in mental health treatment under supervised release," as opposed to while he is incarcerated. R. Doc. 92, at 9. The court also inquired whether "he was getting some [medical] attention for [his] mental health." *Id*. at 10. The court considered his mental health issues but chose to accord them less weight than Kerns would prefer. The court was within its discretion to give his mental condition the weight it believed the evidence merited. *See Gant*, 663 F.3d at 1032. We hold that the district court's sentence was substantively reasonable.

### III. *Conclusion*

Accordingly, we affirm the district court's judgment.

_____