# United States Court of Appeals

## For the Eighth Circuit

_____

No. 22-2062

_____

United States of America

*Plaintiff - Appellee*

v.

Nathan Charles Wood Koen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: February 17, 2023
Filed: April 4, 2023

_____

Before SMITH, Chief Judge, STRAS and KOBES, Circuit Judges.

_____

SMITH, Chief Judge.

Nathan Koen, a Drug Enforcement Administration (DEA) Special Agent, pleaded guilty to accepting bribes. In calculating his offense level, the presentence investigation report (PSR) applied a cross-reference in the Sentencing Guidelines for bribery. The cross-reference applies "[i]f the offense was committed for the purpose of facilitating the commission of another criminal offense." U.S.S.G. § 2C1.1(c)(1).

The PSR found that the bribes were accepted for the purpose of facilitating a conspiracy to distribute between 15 and 45 kilograms of methamphetamine. Over Koen's objections, the district court[1] agreed with the PSR and applied the cross-reference in determining Koen's offense level. Koen appeals, and we affirm.

## I. *Background*

In 2013, Koen led an operation in Florida that resulted in the arrest of Francisco Benitez for drug crimes. After his arrest, Benitez began working for Koen as a confidential informant. When Koen was transferred to Little Rock, Benitez came with him. Eventually, Benitez stopped working as a confidential informant. Koen then came to him and asked him if he wanted to return to selling drugs. Benitez, initially hesitant, declined. Koen returned and asked again. After asking around to confirm the authenticity of the offer, Benitez accepted. Over the next two years, Benitez made payments totaling approximately $31,000 to Koen. Benitez testified that he paid Koen this money for information and protection from law enforcement.

Benitez testified that he would send Koen names and photos of potential business partners. According to Benitez, Koen would then use his DEA access to tell Benitez whether those people were under investigation. Koen testified that he never gave Benitez accurate information about persons under investigation but instead would just make up an answer. The DEA logs all searches made within its system; Koen did not run the information Benitez provided through the DEA's database. However, as an active DEA agent in Little Rock, Koen did have general knowledge of the DEA's activities in the area.

Benitez also testified that, on a few occasions, Koen provided him advice to lessen his drug-trafficking business's visibility to law enforcement. Benitez testified

---

[1]The Honorable Brian Miller, United States District Judge for the Eastern District of Arkansas.

that after the U.S. Postal Service intercepted a package of drugs he had mailed, Koen advised him on precautions that he should take to avoid getting caught—changing his phone and address and using trucks instead of the mail to transport drugs.

Koen admitted accepting Benitez's bribe money but claimed that he did so only to pay off his personal debts and that he neither intended to facilitate Benitez's illegal business nor ever actually did. The district court found Koen's testimony not credible; specifically, it said that it would require the "suspen[sion of] all common sense to believe that story," R. Doc. 59, at 158:22–23, and that Koen's story "just defies logic," *id.* at 177:19.

## II. *Discussion*

We review the district court's findings of fact for clear error but its application of the Sentencing Guidelines de novo. *United States v. Blanton*, 281 F.3d 771, 775 (8th Cir. 2002). "[A]ssessing a witness's credibility is a duty for the district court, and its assessment is 'virtually unreviewable on appeal.'" *United States v. Smith*, 576 F.3d 513, 516 (8th Cir. 2009) (quoting *United States v. Ralph*, 480 F.3d 888, 890 (8th Cir. 2007)).

Koen raises two arguments on appeal. First, he argues that the cross-reference requires him to have acted with the specific intent to actually assist Benitez's drug-trafficking operation; second, he argues that he did not possess this intent. We assume, without deciding, that Koen's reading of the cross-reference is correct. The district court nevertheless found that intent: "[W]hen you combine the testimony with the payments and with the sneaking and with the common sense of why, why did they give you $31,000, it indicates that Mr. Koen was providing protection—*and he knew he was*—[for] this drug operation." R. Doc. 59, at 178:11–15 (emphasis added). The district court drew this conclusion following a credibility determination.

Despite its stated low regard for Benitez's credibility, the district court credited his testimony over Koen's. That determination is "virtually unreviewable on appeal." *Smith*, 576 F.3d at 516 (quoting *Ralph*, 480 F.3d at 890). Benitez's testimony recounted acts Koen undertook that assisted in Benitez's drug-trafficking business. Benitez testified that in response to the Postal Service's interception of one of his drug packages, Koen advised him to use trucks instead of the mail to transport drugs as well as change both his phone and his address. This occurrence evinced Koen's intent to be paid in return for helping Benitez avoid detection by law enforcement. Benitez presumably wanted to avoid detection for much the same reasons as all drug traffickers: the better quality of life found outside prison and the continued ability to run his illegal business. Koen helped him remain free; by doing so, he assisted Benitez's drug-trafficking business. For doing so, he received $31,000. Koen's story "just defies logic," and the district court appropriately chose to disregard it. R. Doc. 59, at 177:19.

### III. *Conclusion*

For the foregoing reasons, we affirm the judgment of the district court.

_____