# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1406
_____

United States of America

*Plaintiff - Appellee*

v.

Tiano Nishan Trice, also known as Tiano Nishan Trice, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: October 18, 2023
Filed: December 12, 2023

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

BENTON, Circuit Judge.

While on supervised release, Tiano N. Trice was arrested. The district court[1] revoked his supervised release for domestic assault (Grade C violation) and child endangerment (Grade B violation). Considering the 21-24 month guideline range

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

for child endangerment, the court imposed a 24-month sentence, followed by 12 months of supervised release. Trice does not challenge the domestic assault violation (with an 8-14 month guideline range). He appeals the district court's child endangerment finding and its factfinding and credibility determinations. This court reviews "the revocation of supervised release for abuse of discretion, and we review any 'subsidiary factfinding as to whether or not a violation occurred' for clear error." *United States v. Staten*, 990 F.3d 631, 635 (8th Cir. 2021), *quoting United States v. Long*, 843 F.3d 338, 340 (8th Cir. 2016). Having jurisdiction under 28 U.S.C. §1291, this court affirms.

Trice and Clareshanda Chamberlain have two children together—"Brother" (9 years old) and "Sister" (12 years old). Chamberlain has another child "A.H." (6 years old). While at her apartment, with the three children present, Trice and Chamberlain got into a "heated argument." Trice lifted her bed and dropped it to the ground while she was in it. Sister and A.H. fled the home, while Brother grabbed the family cat, ran to his room, and hid. A.H. asked a passerby to call the police, telling her that "my sister's dad is hitting my mom." When police questioned Chamberlain at the apartment, she had blood on her face (though she denied that Trice hit her, offering several possible reasons for the nosebleed). Trice, who left before police arrived, was arrested.

Under Iowa Code § 726.6(1)(a), a parent, or person with custody or control of a child, commits child endangerment when he "[k]nowingly acts in a manner that creates a substantial risk to a child or minor's physical, mental or emotional health or safety." Child endangerment is a general intent crime in Iowa. *State v. Benson*, 919 N.W.2d 237, 245 (Iowa 2018). "[G]eneral intent is present 'when from the circumstances the prohibited result may reasonably be expected to follow from the offender's voluntary act, irrespective of any subjective desire to have accomplished such result.'" *Id.* at 244, *quoting State v. Fountain*, 786 N.W.2d 260, 264 (Iowa 2010). *See generally State v. Leckington*, 713 N.W.2d 208, 214 (Iowa 2006) ("We interpret the word 'knowingly' in this statute to mean 'the defendant acted with

knowledge that [he or] she was creating substantial risk to the child's safety.'"), *quoting State v. James*, 693 N.W.2d 353, 357 (Iowa 2005).

According to Iowa courts, "it is ... reasonable ... to conclude there is a real or articulable risk or a very real possibility of danger to a child's mental, physical or emotional health or safety from witnessing the child's mother assaulted." *State v. Tewes*, 967 N.W.2d 219, 2021 WL 4304240, at *3 (Iowa Ct. App. Sept. 22, 2021) (unpublished table opinion) (some internal quotation marks omitted), *quoting State v. Lee*, 913 N.W.2d 275, 2018 WL 1099273, at *3 (Iowa Ct. App. Feb. 21, 2018) (unpublished table opinion). In *Tewes* the court found that a child's mental and emotional health were endangered "by seeing his father shove his mother after having his parents physically struggle over him." *Id.* (adding "While the level of assault in this case does not rise to that in *Lee*, in both cases, the aggressor was aware a child was present and witness to the assault.").

Here, Trice was similarly aware that Brother, Sister, and A.H. were present to witness his assault of their mother (lifting and dropping the bed with her in it). The district court found that the children were present and "knew what was happening" during the assault: "They could see it, they could hear it, they could experience it, and even if they did not see each and every moment, they knew what was happening because of the scale of the room, the layout of the room, the sounds that were being generated." The record shows:

- Trice lifted and dropped Chamberlain's bed while she was in it, constituting domestic assault.
- Trice knew, based on the size of the "little" apartment, that the children were present.
- Brother told police that, because of the "screaming" and "crashes" (which he attributed to Trice), he was "so shocked and scared" that he "ran to get [the family] cat" and "hid in [his] room."
- Sister left the house because of the altercation (as the district court specifically found).

-3-

- A.H. ran out of the house and found a passerby to call the police, saying that "my sister's dad is hitting my mom."
- The passerby testified that A.H. was "crying, definitely scared, nervous, kind of panicked" and "definitely distraught."
- A.H. told police that Trice was "crashing on to my mom" and that it looked like Trice was hitting her.
- Chamberlain told officers that Trice "has anger issues and snaps the fuck out, and that's what he did."

The district court's factual findings and credibility determinations are not clearly erroneous, and the record is sufficient to show child endangerment.

Trice repeatedly challenges the district court's focus on A.H., asserting that he did not have custody or control of A.H. This is immaterial, as the district court correctly found that Trice endangered Sister and Brother, his biological children. The district court emphasized the risk he created to the children's mental and emotional health: "Witnessing domestic violence takes a toll, and that certainly is of utmost concern to the Court." By Iowa caselaw, witnessing the domestic assault of a parent is an adequate basis for child endangerment. *See id.* Trice argues that hearing the assault, as opposed to actually seeing it, is insufficient to trigger child endangerment. Iowa law, however, does not make this distinction, nor do the factual findings here support the argument.

Trice's two children were so scared by the fight and assault that one fled the home and the other ran to get the family cat and hide in his room. Trice was aware that his children were present to witness his assault of their mother, which is child endangerment under Iowa law. *See, e.g., Lee*, 2018 WL 1099273, at *3; *Tewes*, 2021 WL 4304240, at *3. The district court did not err in finding that Trice committed child endangerment. The district court thus did not make a procedural error or abuse its discretion in revoking Trice's supervised release.

-4-

\* \* \* \* \* \* \*

The judgment is affirmed.

_____