# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-2763

———————————————

United States of America

*Plaintiff - Appellee*

v.

Rachel Louise Monthie, also known as Rachel Louise Chronister

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

——————————

Submitted: March 11, 2024
Filed: July 5, 2024
[Unpublished]

——————————

Before GRUENDER, SHEPHERD, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Rachel Monthie pled guilty to one count of harboring and concealing an escapee, in violation of 18 U.S.C. § 1072, and the district court[1] sentenced her to time served and one year of supervised release. After Monthie violated her terms of

---

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

supervised release, the district court[2] sentenced her to eight months' imprisonment, followed by an additional four months of supervised release. Monthie appeals this sentence, asserting that the Government failed to meet its burden of proof with respect to two of her supervised release violations and that the sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm the judgment of the district court.

Monthie's conviction arises from her conduct in helping another individual, Ricky Joe Vaughn, escape from custody while he was on work release. Monthie picked up Vaughn from his place of employment, watched him cut off his Bureau-of-Prisons-issued ankle monitor, and drove him to a nearby hotel, where she purchased three nights of lodging for him. Monthie also took Vaughn back to her apartment, where he was ultimately apprehended by law enforcement. A search of Monthie's apartment revealed a 9-millimeter pistol, loaded with a round inside the chamber. Monthie was subsequently indicted on two counts, and she pled guilty to one count of harboring and concealing an escapee. The district court sentenced her to time served and one year of supervised release, which began on April 20, 2023.

On June 28, 2023, the United States Probation Office filed a petition to revoke Monthie's supervised release, alleging that Monthie failed to comply with residential reentry center rules on five occasions; failed to participate in substance abuse testing; and committed a new law violation of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g), which was also a violation of a supervised release condition prohibiting her from possessing firearms or ammunition. The district court held an evidentiary hearing on July 28, 2023. Monthie admitted to failing to comply with the residential reentry facility rules and failing to participate in substance abuse testing, but contested the alleged violations relating to possession of ammunition, asserting that she did not knowingly possess ammunition.

---

[2]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

As evidence of the two alleged supervised release violations Monthie contested, the Government introduced two exhibits, which were photographs of ammunition found in the driver's side door of Monthie's vehicle and an ATF report stating that the ammunition was a single 9-millimeter bullet and was manufactured outside of Iowa. The Government also called a residential officer from the reentry facility, who testified that she conducted a routine search of Monthie's vehicle at the reentry center and discovered ammunition in the driver's side door of the car. Government also called Monthie's probation officer, who testified that Monthie told her the ammunition had not been in her vehicle before she went to jail, that she did not know where it came from, and that she hoped someone had not planted it. Finally, the Government called a probation officer who assisted with the search of Monthie's vehicle at the residential reentry facility, who testified that Monthie declined to take ownership of the ammunition, asserting that someone else must have had the vehicle. Monthie also testified on her own behalf, asserting that the vehicle had been out of her control during the time she was in jail and that she was unaware that it contained ammunition. Monthie admitted, however, that no one else had been using her car at the time it was at the residential reentry facility and that she had driven the car 20 times during this time period.

The district court concluded, by a preponderance of the evidence, that Monthie knowingly possessed the ammunition, stating that it found the Government's witnesses to be credible and Monthie not to be credible. It also specifically noted Monthie's admissions that she had driven the car 20 times and that no one else had driven it and stated that the ammunition matched the caliber of the firearm that had been recovered from her residence as part of the underlying offense. The district court determined that Monthie's possession of ammunition amounted to a new law violation of being a felon in possession of ammunition and a violation of the standard condition of supervised release that prohibited Monthie from possessing firearms or ammunition. After calculating Monthie's United States Sentencing Guidelines range as 8 to 14 months' imprisonment with a statutory maximum of 1 year imprisonment, the district court denied Monthie's request for a downward

variance and sentenced her to 8 months' imprisonment, followed by an additional 4 months of supervised release.

Monthie appeals, asserting that the district court erred when it found she knowingly possessed ammunition because the evidence demonstrated only that Monthie could have been aware the ammunition was in the vehicle, not that she knowingly possessed it. "A district court may 'revoke supervised release if the government proves by a preponderance of the evidence that the defendant violated a condition of supervised release.'" United States v. Staten, 990 F.3d 631, 635 (8th Cir. 2021) (per curiam) (citation omitted). "This court reviews 'the revocation of supervised release for abuse of discretion, and we review any "subsidiary factfinding as to whether or not a violation occurred" for clear error.'" United States v. Trice, 88 F.4th 738, 739 (8th Cir. 2023) (citation omitted). "Clear error exists where, viewing the record as a whole, we are left with the definite and firm conviction that a mistake has been committed." United States v. Daye, 4 F.4th 698, 700 (8th Cir. 2021) (per curiam) (citation omitted).

The district court did not clearly err in concluding that Monthie knowingly possessed the ammunition recovered from her vehicle. "A defendant knowingly possesses [ammunition] if [s]he has actual or constructive possession of it, and the possession can be sole or joint." United States v. Green, 835 F.3d 844, 852 (8th Cir. 2016) (citation omitted). Constructive possession occurs where "the person has dominion over the premises where the [ammunition] is located, or control, ownership, or dominion over the [ammunition] itself." Id. (citation omitted). The facts as found by the district court support the conclusion that Monthie constructively possessed the ammunition, and thus knowingly possessed it. The ammunition was recovered from the driver's side door of the vehicle, Monthie admitted both that she had driven the car on numerous occasions while at the residential reentry facility and that no one else had access to her vehicle, and the caliber of ammunition matched a firearm recovered from Monthie's residence during the commission of the underlying offense. Further, to the extent that Monthie asserted that someone else must have put the ammunition in her car while she was

incarcerated, the district court made a specific finding that Monthie was not a credible witness, and Monthie does not challenge the district court's credibility determinations on appeal.  These facts sufficiently demonstrate that Monthie had dominion or control over her vehicle, which was where the ammunition was located, so as to have constructively possessed the ammunition.

Monthie also asserts that her sentence was substantively unreasonable.  Monthie has been released from custody and, on May 6, 2024, was discharged from supervised release.  We thus conclude that her challenge to the substantive reasonableness of her sentence is moot.  See United States v. Cole, 817 F. App'x 296 (8th Cir. 2020) (per curiam).

We therefore affirm the judgment of the district court.

_____