# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3571
_____

United States of America

*Plaintiff - Appellee*

v.

Adis Vretenarevic

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: October 21, 2024
Filed: February 13, 2025
[Unpublished]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

While serving a term of supervised release, Adis Vretenarevic tested positive for marijuana metabolites. The district court[1] revoked his supervised release and imposed a revocation sentence of 8 months' imprisonment to be followed by one

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

year of supervised release. Vretenarevic appeals, arguing that he did not violate his supervised release conditions and that the revocation sentence was substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

On August 28, 2023, while serving a term of supervised release, Vretenarevic provided a urine sample that tested "presumptive positive" for cannabinoids.[2] On September 7, Vretenarevic told his probation officer that he had been consuming cannabidiol (CBD) gummies for back pain, and his probation officer told him to stop using the gummies immediately. On September 26, however, Vretenarevic provided another urine specimen that tested presumptive positive for cannabinoids. When his probation officer informed him of the new result, Vretenarevic said that he had not taken any gummies since their September 7 conversation. The probation officer forwarded the August 28 and the September 26 urine specimens to the national lab for additional testing, which confirmed that both specimens contained marijuana metabolites. On October 6, the United States Probation Office filed a petition to revoke Vretenarevic's supervised release, followed by a first supplemental and substituted petition on November 1.

At the revocation hearing, the Government called Senior Probation Officer Barbara Lukesh, who testified to the lack of oversight over the production of CBD products, including that some such products contain a small percentage of tetrahydrocannabinol (THC), a marijuana metabolite. She further testified that anyone subject to supervised release is told that they are "responsible for what they

_____

[2]It was a condition of Vretenarevic's supervised release that he "refrain from any unlawful use of a controlled substance." The metabolite ultimately discovered in Vretenarevic's urine samples is a metabolite of Delta-9-tetrahydrocannabinol, which is currently a Schedule I controlled substance under the Controlled Substances Act. See Schedules of Controlled Substances: Rescheduling of Marijuana, 89 Fed. Reg. 44597 (May 21, 2024) (notice of proposed rulemaking to reschedule marijuana from Schedule I of the Controlled Substances Act to Schedule III); 21 U.S.C. § 812(c)(17); 21 C.F.R. § 1308.11(d)(31).

consume or inject into their body." The Government also introduced a memo from Dr. Cheska Burleson, the Laboratory Director of Alere Toxicology Services, where the additional testing on Vretenarevic's urine samples was conducted. In addition to confirming that both samples tested positive for marijuana metabolites, the memorandum opined that Vretenarevic likely used marijuana or some other product containing THC between giving his first and second samples, as the later sample showed an increased normalized drug concentration.

Vretenarevic testified that he purchased gummies at a local gas station; that he had been taking about 15 gummies per day for about three weeks leading up to August 28; that he did not knowingly consume THC products; and that he stopped using the products in accordance with his probation officer's instructions on September 7. He also introduced a document related to a drug test performed by his employer. According to this document, a urine sample provided by Vretenarevic on September 29, 2023, tested negative for cocaine, amphetamines, opioids, methamphetamine, MDMA, oxycodone, benzodiazepines, phencyclidine, and barbiturates. The document did not record whether Vretenarevic was tested for marijuana or describe the collection and testing procedure.

After considering the evidence, the district court found that Vretenarevic knowingly used a controlled substance in violation of the conditions of his supervised release. The court rejected Vretenarevic's argument that he did not knowingly consume a THC-laced product, as Vretenarevic was a long-time user of marijuana who would know the feeling and physical effects of using marijuana or THC. Moreover, relying on Dr. Burleson's memorandum, the district court found that Vretenarevic used marijuana or another THC-laced product beyond the CBD gummies he previously admitted to using. Accordingly, the district court found that Vretenarevic violated a condition of release. Relying on an applicable United States Sentencing Guidelines (USSG) range of 4 to 10 months' imprisonment, the district court sentenced Vretenarevic to 8 month's imprisonment to be followed by a one-year term of supervised release.

Vretenarevic first argues that the district court abused its discretion when it revoked his supervised release. "A district court may revoke supervised release if the [G]overnment proves by a preponderance of the evidence that the defendant violated a condition of supervised release." United States v. Daye, 4 F.4th 698, 700 (8th Cir. 2021) (per curiam) (citation omitted). "We review the revocation of supervised release for abuse of discretion, and we review any 'subsidiary factfinding as to whether or not a violation occurred' for clear error." United States v. Staten, 990 F.3d 631, 635 (8th Cir. 2021) (per curiam) (citation omitted). The revocation of Vretenarevic's supervised released rests on the district court's determination that he knowingly used a controlled substance, a determination we will reverse "only if we have 'a definite and firm conviction that the [d]istrict [c]ourt was mistaken.'" See id. (citation omitted).

In support of its decision to revoke Vretenarevic's supervised release, the district court relied on the memorandum from Dr. Burleson, which explained that both of Vretenarevic's urine samples tested positive for THC. Consistent with that report, the district court found that Vretenarevic used either marijuana or some other product containing THC between the time he provided the urine samples, as the September 26 sample had a higher normalized drug value than the sample collected on August 28. Based on this analysis, the district court rejected Vretenarevic's testimony that he did not knowingly consume THC, particularly in light of Vretenarevic's substantial record of past marijuana use, the number of CBD gummies he admitted taking, and his knowledge of the physical effects of those substances. Similarly, the district court gave little weight to Vretenarevic's proffered test results from his employer, as the document did not describe what procedures were used for the collection and testing of the sample.

Reviewing this record as a whole, we are not definitely and firmly convinced that the district court was mistaken. See Staten, 990 F.3d at 635. As such, we discern no clear error in finding that Vretenarevic knowingly used a controlled substance

and thus violated the conditions of his supervised release. See United States v. Ralph, 480 F.3d 888, 890 (8th Cir. 2007) (noting that credibility determinations concerning witness testimony during supervised release hearings are "virtually unreviewable on appeal" (citation omitted)); Daye, 4 F.4th at 701 (affirming revocation of supervised release despite defendant's testimony denying that he violated a condition of supervised release). Accordingly, the district court did not abuse its discretion in revoking Vretenarevic's supervised release.

## III.

Vretenarevic also argues that his within-Guidelines sentence of 8 months' imprisonment was substantively unreasonable. Vretenarevic was released from custody on July 8, 2024, and this appeal was submitted on October 21, 2024. Accordingly, because Vretenarevic challenges only his term of imprisonment, we dismiss the appeal of his revocation sentence as moot. See United States v. Aden, 830 F.3d 812, 816-17 (8th Cir. 2016) (dismissing as moot where defendant challenging term of imprisonment released from custody before appeal submitted); United States v. Williams, 483 F.3d 889, 889 (8th Cir. 2007) (per curiam) (same).

## IV.

For these reasons, we affirm the revocation judgment of the district court and dismiss the appeal of the revocation sentence as moot.

_____