# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3175

_____

United States of America

*Plaintiff - Appellee*

v.

Tonney Lee Valure

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: April 11, 2016
Filed: July 5, 2016

_____

Before COLLOTON, ARNOLD, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Tonney Valure pled guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) while on federal supervised release from two other felony bank robbery convictions. In sentencing Valure for the instant bank robbery, the district

court[1] revoked his supervised release from the two prior convictions and ordered both of the revocation sentences to run consecutively to each other and consecutive to the underlying sentence. Valure argues the district court erred when it ordered the sentences to be served consecutively rather than concurrently.

I.

On July 30, 2013, Valure committed armed bank robbery while on federal supervised release from two other federal bank robbery convictions: No. 4:10CR00236, a 1991 bank robbery in Tennessee, and No. 4:92CR00007, a 1991 bank robbery in Arkansas. Valure had been sentenced for both No. 4:10CR00236 and No. 4:92CR00007 in the Western District of Tennessee, with sentences running concurrently and with supervised release to follow. Following Valure's release on supervision, jurisdiction for both cases was transferred to the Eastern District of Arkansas, where revocation petitions were filed in both cases based on the July 30, 2013 robbery.

Valure was sentenced in the instant case, No. 4:13CR00266, on September 8, 2015. After calculating a guidelines range of 51 to 63 months, the district court imposed a sentence of 63 months' imprisonment on Valure. Valure did not contest revocation from his two prior convictions, but asked the court to order the two revocation sentences to run concurrent to the sentence imposed for the instant armed bank robbery conviction. Conversely, the government requested the revocation sentences run concurrent to each other but consecutive to the current sentence. Under the Guidelines, revocation of supervised release in No. 4:10CR00236 carried a range of 33 to 36 months' imprisonment while revocation in No. 4:92CR00007 allowed for up to 24 months' imprisonment. The district court revoked Valure's supervised

_____

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

release in both cases as a result of his violation of the condition that he shall not commit another federal, state, or local crime. Consequently, the district court ordered Valure to serve 36 months in prison in Case No. 4:10CR00236, with the sentence to run consecutive to the 63 month sentence in Case No. 4:13CR00266, and 24 months in prison in Case No. 4:92CR00007, with the sentence to run consecutive to the 36 month sentence in Case No. 4:10CR00236, and no supervised release to follow. Valure timely appealed. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

II.

Valure argues the district court erred in ordering that all three of the sentences be served consecutively. We apply the same abuse-of-discretion standard of review to a district court's revocation sentencing decision that we apply to initial sentencing decisions. United States v. Shepard, 657 F.3d 682, 685 (8th Cir. 2011) (citing United States v. Miller, 557 F.3d 919, 922 (8th Cir. 2009)).

United States Sentencing Guideline ("U.S.S.G.") § 7B1.3(f) provides:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

Further, 18 U.S.C. § 3584(b) grants the district court discretion in determining whether to order the terms of imprisonment to run concurrently or consecutively and directs the district court to consider the § 3553(a) factors when making such a determination. This Court's precedent establishes that, pursuant to § 3584, a district court has discretionary authority to order sentences to run consecutively rather than concurrently. United States v. Baker, 491 F.3d 421, 424 (8th Cir. 2007); United States v. Cotroneo, 89 F.3d 510, 512 (8th Cir. 1996), cert. denied, 519 U.S. 1018

(1996).  Valure attempts to distinguish <u>Cotroneo</u> on a factual basis, but the fact that revocations in <u>Cotroneo</u> were based upon supervised release ordered by two separate courts on two separate occasions is inconsequential.  <u>See</u> 89 F.3d at 511-12.  We clearly stated in <u>Cotroneo</u> that "§ 3584(a) allowed the District Court to impose consecutive rather than concurrent sentences upon revocation of [the defendant's] concurrent terms of supervised release."  <u>Id.</u> at 513.  Therefore, Valure demonstrates no abuse of the district court's discretion under the Guidelines, applicable statute, or this Court's precedent.

Finally, in reviewing a sentence under the abuse-of-discretion standard, we "must first ensure that the district court committed no significant procedural error . . . then consider the substantive reasonableness of the sentence imposed."  <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007).  "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal."  <u>United States v. Robinson</u>, 516 F.3d 716, 717 (8th Cir. 2008).  The district court weighed the § 3553(a) factors, noting Valure's prior convictions for crimes of violence as well as "the seriousness of his noncompliance and his continued lack of regard for the law," and imposed revocation sentences permissible under 18 U.S.C. §§ 3583(e) and 3584.  Given that each of the sentences imposed in Valure's case fell within the Guidelines range, we are satisfied that the district court committed no significant procedural error and imposed a substantively reasonable sentence.  Accordingly, the district court did not abuse its considerable discretion in ordering the consecutive sentences.

## III.

For the foregoing reasons, we affirm Valure's consecutive sentences.

_____