# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2350

_____

United States of America

*Plaintiff - Appellee*

v.

David Lee Needom

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: May 14, 2018
Filed: August 3, 2018
[Unpublished]

_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In April 2005, the district court sentenced David Lee Needom ("Needom") to one hundred twenty months of imprisonment, followed by supervised release for three years, based on his guilty plea to possession of a firearm in furtherance of a drug trafficking crime. He was released to supervision on March 14, 2014. About a month later, Needom was traveling in a vehicle transporting cocaine when police stopped

the car.  The state of Illinois ultimately sentenced him to ten years of imprisonment for possession of more than fifteen grams of cocaine.  While serving that state sentence, Needom wrote a letter to the federal district court requesting resolution of his supervised release violation.

At his supervised release violation hearing, Needom requested that any prison sentence run concurrent to his state sentence, with no additional supervised release.  The United States of America (the "Government") requested a prison sentence consecutive to his state sentence, with at least three years of supervised release.  The district court imposed a sentence of twenty-seven months of imprisonment (the bottom of the advisory range) consecutive to Needom's state sentence, with three years of supervised release.  Needom argues on appeal that the consecutive nature of his prison sentence and the imposition of supervised release were inadequately explained and substantively unreasonable.  We address the prison sentence and the supervised release sentence in turn below.

We review revocation sentences under the same deferential abuse of discretion standard that we apply to initial sentencing proceedings.  *United States v. Richey*, 758 F.3d 999, 1001 (8th Cir. 2014).  We must ensure that the district court committed no significant procedural error and that the sentence was substantively reasonable.  *Id.*

The district court did not commit procedural error in its application of the 18 U.S.C. § 3553(a) factors to Needom's prison sentence.[1]  "Where a sentencing judge imposes a sentence within the advisory guideline range, '[c]ircumstances may well make clear' that the judge believed the case was typical, and 'rest[ed] his decision

_____

[1]Although Needom does not separately label a procedural error argument, he argues that the district court inadequately explained the sentence.  "[W]hether the court adequately explained the sentence is a matter of procedural soundness, not substantive reasonableness . . . ."  *United States v. Morais*, 670 F.3d 889, 893 (8th Cir. 2012).

-2-

upon the Commission's own reasoning that the Guidelines sentence is a proper sentence.'" *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 357 (2007)).  Although revocation sentences are determined under U.S. Sentencing Guidelines Manual § 7 ("U.S.S.G. § 7" or the "Chapter 7 policy statements") rather than the sentencing guidelines, we have given the same deference to sentences imposed under either regime. *See, e.g.*, *United States v. Valure*, 835 F.3d 789, 791 (8th Cir. 2016).  *See also* 18 U.S.C. § 3553(a)(4)(B) (requiring that courts consider "the applicable guidelines or policy statements" in any revocation sentence).  In addition to recommending a sentence, the Chapter 7 policy statements also recommend imposing any prison term consecutive to other sentences, "whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release."  U.S.S.G. § 7B1.3(f).  In denying a variance to a concurrent sentence, the district court followed the policy statements, indicating that it disagreed with Needom that there were any atypical factors about Needom's violation of his supervised release conditions. While it ideally would have offered more explanation of its reasons for rejecting a variance, there is no requirement for it to explain in detail why an advisory range sentence is appropriate.  We do not require any more detail than the district court gave here when a court imposes a revocation sentence recommended by the Chapter 7 policy statements.

The prison sentence is also substantively reasonable.  We review a sentence for reasonableness in relation to the advisory sentencing range and the factors from 18 U.S.C. § 3553(a) as cited in 18 U.S.C. § 3583(e).  *See United States v. Nelson*, 453 F.3d 1004, 1006 (8th Cir. 2006).  "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Kreitinger*, 576 F.3d 500, 503 (8th Cir. 2009) (quoting *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008)).  The district court considered the

relevant factors here. The district court was familiar with Needom's history and characteristics because it presided over his initial sentence and prior revocation proceedings, and we see no reason to suspect that its decision here was anything more than a considered rejection of Needom's request for a variance. *See United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005) (observing that knowledge of the information relevant to the § 3553(a) factors may be inferred when the original sentencing judge presides over a revocation hearing). Thus, we hold the sentence of twenty-seven months of imprisonment, consecutive to the state sentence, was within the district court's discretion and substantively reasonable.

On our review of the supervised release term the district court imposed, it is evident the term exceeded the maximum sentence under the statute and the Chapter 7 policy statements. "The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). *See also* U.S.S.G. § 7B1.3(g)(2) (quoting the statute). Needom's underlying offense was a Class A felony, 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(B)(i), 3559(a)(1), and the maximum supervised release term for a Class A felony is five years, *see id.* § 3583(b)(1). Accordingly, after a revocation prison sentence of twenty-seven months, Needom's supervised release term "shall not exceed" thirty-three months. The district court committed error by imposing a supervised release term greater than that amount.

Because it is unclear from the record whether the district court intended to impose the maximum term of supervised release, we vacate the supervised release term and remand to the district court for resentencing on supervised release alone. We otherwise affirm the judgment of the district court.

_____

-4-