# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3059

_____

United States of America

*Plaintiff - Appellee*

v.

Douglas A. Packett, also known as Peckerwood

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: April 16, 2020
Filed: May 12, 2020
[Unpublished]

_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

On September 16, 2004, Douglas Packett was sentenced to a term of 262 months' imprisonment for conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841 and 846, and a consecutive term of 60 months for possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). His sentence for drug trafficking was later reduced, pursuant to a Fed. R.

Crim. P. 35 motion, to 101 months' imprisonment. When Packett was released to supervision, he struggled with chemical dependency issues. Packett's difficulties culminated in an arrest and felony convictions in state court for theft by receiving stolen property, operating a motor vehicle to avoid arrest, and criminal mischief. These offenses resulted in a cumulative sentence of 100 to 132 months' imprisonment.

The government sought revocation of Packett's federal supervised release. Packett admitted to violating his supervised release condition that required him not to commit a crime. The district court[1] concluded that the most serious violation was a Grade B violation and that Packett was in criminal history category VI, which resulted in an advisory guideline range of 21 to 27 months. While the government recommended an above-the-guideline range consecutive sentence of 36 months, Packett urged the court to sentence within the guideline range and that the sentence run concurrently with his new cumulative state sentences. Packett appeals the court's imposition of a 27-month consecutive term of imprisonment, claiming that his revocation sentence is substantively unreasonable because it runs consecutive to his state sentence.

We review the substantive reasonableness of a revocation sentence under an abuse of discretion standard. United States v. Miller, 557 F.3d 919, 922 (8th Cir. 2009). A within-guideline range revocation sentence is presumed reasonable on appeal. United States v. Wilkins, 909 F.3d 915, 917–18 (8th Cir. 2018). The district court has discretion to determine whether to run a revocation sentence concurrently or consecutively to a sentence for the underlying criminal activity. United States v. Valure, 835 F.3d 789, 790–91 (8th Cir. 2016); see also U.S.S.G. § 7B1.3(f).

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

The record reflects that the district court considered the relevant 18 U.S.C. § 3553(a) factors, as required by § 3583(e), when it determined Packett's sentence. Despite Packett's argument that his state sentences sufficiently address the § 3553(a) factors, the discretion to determine an appropriate revocation sentence rests with the district court. Consistent with that discretionary authority and the policy statement set forth in § 7B1.3(f), the district court did not abuse its discretion by running the revocation sentence consecutive to Packett's state sentence. We affirm.

_____