# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-2477

_____

United States of America

*Plaintiff - Appellee*

v.

Micah Gordon

*Defendant - Appellant*

_____

No. 23-2479

_____

United States of America

*Plaintiff - Appellee*

v.

Micah Gordon

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 18, 2023
Filed: December 21, 2023
[Unpublished]
_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

In these consolidated appeals, Micah J. Gordon appeals the below Guidelines sentence the district court[1] imposed after he pled guilty to conspiracy to commit murder for hire pursuant to a plea agreement containing an appeal waiver, and the consecutive prison sentence the district court imposed upon revocation of his supervised release in a separate case. Having jurisdiction under 28 U.S.C. § 1291, this court dismisses in part and otherwise affirms.

Counsel has moved for leave to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing the district court abused its discretion in ordering consecutive sentences. The district court did not abuse its discretion in imposing a consecutive sentence upon revocation of Gordon's supervised release. *See United States v. Valure*, 835 F.3d 789, 790-91 (8th Cir. 2016) (reviewing revocation sentencing decision for abuse of discretion); U.S.S.G. § 7B1.3(f) (revocation sentence shall be ordered to be served consecutively to any sentence of imprisonment defendant is serving); 18 U.S.C. § 3584 (district court may impose consecutive or concurrent sentences and shall consider 18 U.S.C. § 3553(a) factors). The record demonstrates the district court weighed the 18 U.S.C. § 3553(a) factors and imposed a sentence within the statutory maximum. *See United States v. Larison*, 432 F.3d 921, 923 (8th Cir. 2006) (revocation sentence may be unreasonable if district court fails to consider relevant § 3553(a) factor, gives significant weight to

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

improper or irrelevant factor, or commits clear error of judgment); 18 U.S.C. § 3583(e)(3) (2-year maximum revocation prison term for Class C felony).

This court concludes that the appeal waiver is enforceable as to counsel's argument challenging Gordon's sentence for conspiracy to commit murder for hire. The argument falls within the scope of the appeal waiver, the record shows that Gordon entered into the plea agreement and the appeal waiver knowingly and voluntarily, and no miscarriage of justice would result from enforcing the waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and appeal waiver, and enforcing waiver would not result in miscarriage of justice); *see also* 18 U.S.C. § 1958(a) (10-year maximum sentence).

Having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no non-frivolous issues for appeal.

The judgment in No. 23-2477 is affirmed. The appeal in No. 23-2479 is dismissed, and counsel's motion to withdraw is granted.

_____