# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3650

_____

United States of America

*Plaintiff - Appellee*

v.

Gary E. Sutton

*Defendant - Appellant*

_____

No. 23-3661

_____

United States of America

*Plaintiff - Appellee*

v.

Gary E. Sutton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: October 21, 2024
Filed: November 22, 2024
[Unpublished]
_____

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.
_____

PER CURIAM.

In 2006, Gary E. Sutton was convicted of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(e). After applying the Armed Career Criminal Act (ACCA), the district court sentenced him to 280 months in prison and five years of supervised release. See United States v. Sutton, 226 F. App'x 638 (8th Cir. 2007) (per curiam) (affirming conviction and sentence). In 2019, the district court granted Sutton's petition for a writ of habeas corpus, concluding that the ACCA no longer applied. Sutton v. Quintana, No. 1:18-CV-00183, 2019 WL 1746144 (E.D. Mo. Apr. 18, 2019). Sutton was re-sentenced to time served and three years of supervised release.

While on supervision, Sutton possessed with intent to distribute 50 grams or more of methamphetamine, 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court[1] sentenced him to 63 months in prison, the top of the U.S. Sentencing Guidelines range, and five years of supervised release. The court also imposed a revocation sentence of 20 months in prison, varying down from the 37- to 46-month Guidelines range for the supervised release violation, and ordered that the sentences run consecutively.

Sutton argues that the district court abused its discretion in ordering consecutive sentences because it failed to give appropriate weight to his failing physical health, his age (61), and the excessive time he spent in prison on the felon-

---

[1]The Honorable Matthew T. Schelp, United States District Judge for the Eastern District of Missouri.

in-possession conviction before he was granted habeas relief. See United States v. Valure, 835 F.3d 789, 790 (8th Cir. 2016) (standard of review). According to Sutton, "any reasonable court would have ordered the sentences to run concurrently had it actually considered" that he had served a sentence greater than the statutory maximum on the 2006 felon-in-possession conviction. We disagree.

The district court carefully considered Sutton's arguments for concurrent sentences, granting a downward variance on the revocation sentence based on his health issues. The court also asked several questions to ensure that it understood the felon-in-possession case's complicated procedural history, including that the sentence was legal when imposed and that Sutton was granted habeas relief after the law changed. While Sutton believes that his mitigating circumstances should have been given greater weight, "reversal is not appropriate simply because the district court did not weigh these considerations as [Sutton] prefers." United States v. Morrow, 50 F.4th 701, 704 (8th Cir. 2022) (cleaned up). We conclude that the district court acted within its discretion when it decided to impose consecutive sentences and that Sutton's sentence is not substantively unreasonable. See 18 U.S.C. § 3584(a) (multiple terms of imprisonment imposed at the same time "may run concurrently or consecutively"); U.S.S.G. § 5G1.3 cmt. n.4(C) (recommending "that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation"); U.S.S.G. § 7B1.3(f) (instructing that the revocation sentence "shall be ordered to be served consecutively").

We affirm the district court's judgments.

_____