# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-2849

_____

United States of America

*Plaintiff - Appellee*

v.

Juan Carlos Cuevas-Alvarez

*Defendant - Appellant*

_____

No. 24-2850

_____

United States of America

*Plaintiff - Appellee*

v.

Juan Carlos Cuevas-Alvarez

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Missouri

_____

Submitted: January 21, 2025
Filed: February 13, 2025
[Unpublished]
_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

In these consolidated appeals, Mexican citizen Juan Carlos Cuevas-Alvarez appeals after he pled guilty to illegally reentering the United States after having been deported for an aggravated felony, and stipulated in a separate case to violating his terms of supervised release, and the district court[1] ordered the new-conviction and revocation sentences to run consecutively. Cuevas-Alvarez's counsel has moved for leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the imposition of consecutive sentences was substantively unreasonable.

After careful review, we conclude that the district court did not abuse its discretion in imposing the consecutive sentences. *See United States v. Valure*, 835 F.3d 789, 791 (8th Cir. 2016) (reviewing decision to impose consecutive revocation and new-offense sentences for abuse of discretion). The record demonstrates that the court adequately considered the 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3584 (in considering whether to impose consecutive or concurrent sentences, district court shall consider § 3553(a) factors); *United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors); *see also United States v.*

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

*Rodd*, 966 F.3d 740, 747-48 (8th Cir. 2020) (disagreement with how court balanced § 3553(a) factors is insufficient ground for reversal; district court is not required to mechanically recite sentencing factors, all that is generally required to satisfy appellate court is evidence that district court was aware of them).

Having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no nonfrivolous issues outside the scope of the appeal waiver. Accordingly, we grant counsel leave to withdraw, and affirm the judgment in both cases.

_____