# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2871
_____

United States of America

*Plaintiff - Appellee*

v.

William Snoddy

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: December 15, 2025
Filed: January 28, 2026
[Unpublished]
_____

Before LOKEN, SMITH, and KOBES, Circuit Judges.
_____

PER CURIAM.

William Snoddy was convicted of manslaughter and possession of a deadly weapon in Nebraska state court while he was on federal supervised release. The district court[1] revoked his supervised release, sentenced him to 18 months in prison

_____

[1]The Honorable Robert F. Rossiter, Jr., Chief Judge, United States District Court for the District of Nebraska.

and 12 months more supervised release, and ordered that the revocation sentence run consecutively to his state sentence.

Snoddy argues that the district court abused its discretion in ordering the federal sentence to run consecutively because it will disqualify him from participating in Nebraska prison programming. 18 U.S.C. § 3553(a)(2)(D) (instructing the court to consider the need for the sentence "to provide the defendant with needed educational or vocational training"). We disagree. The district court considered this argument but weighed it against other facts, including that Snoddy's state offense involved possession of a firearm as a felon and resulted in death. It then exercised its "discretionary authority to order [the] sentence[] to run consecutively rather than concurrently." United States v. Valure, 835 F.3d 789, 790 (8th Cir. 2016); see also U.S.S.G. § 7B1.3(f) (Policy Statement) (2009) (amended Nov. 1, 2025) ("Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving.").

Affirmed.

_____