# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-3501
_____

United States of America

*Plaintiff - Appellee*

v.

Kevin D. Otterson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: May 22, 2026
Filed: May 29, 2026
[Unpublished]
_____

Before LOKEN, SMITH, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Kevin Otterson appeals after the district court[1] revoked his supervised release and sentenced him to a within-Guidelines term of 14 months in prison. His counsel

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

has moved for leave to withdraw and has filed a brief asserting a plain error under Esteras v. United States, 606 U.S. 185, 193-97 (2025) (court may not consider at revocation the sentencing factor referencing need for sentence to reflect seriousness of offense, promote respect for law, and provide just punishment for offense), and challenging the substantive reasonableness of the sentence.

Upon careful review, we discern no plain Esteras error because the entirety of the revocation hearing indicates that the sentence was premised on Otterson's repeated failure to abide the conditions of supervision, his renewed viewing of explicit material, and the need to deter future violations of his supervised release. See United States v. Higgerson, 166 F.4th 702, 706-09 (8th Cir. 2026) (where district court made initial reference to "all" sentencing factors and indicated that future revocations would be "incrementally" increased until defendant complied with conditions, there was no plain Esteras error, as sentencing judge focused on defendant's characteristics and need to deter future supervision violations). We further conclude that the sentence was not an abuse of discretion, see United States v. Valure, 835 F.3d 789, 790 (8th Cir. 2016) (revocation sentence reviewed for abuse of discretion), as the record reflects that the district court adequately considered the relevant sentencing factors and did not give significant weight to an improper factor or commit a clear error of judgment in imposing a within-Guidelines term, see United States v. Larison, 432 F.3d 921, 923-24 (8th Cir. 2006) (sentence may be unreasonable if district court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment; court may consider history on supervision); United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005) (within-Guidelines-range sentence presumptively reasonable).

Accordingly, we grant counsel's motion to withdraw, and affirm.

_____