# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1495
_____

United States of America

*Plaintiff - Appellee*

v.

Dominic E. McDaniel

*Defendant - Appellant*

_____

No. 25-1496
_____

United States of America

*Plaintiff - Appellee*

v.

Dominic E. McDaniel

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 13, 2026
Filed: June 15, 2026
[Unpublished]
_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

The district court[1] revoked Dominic McDaniel's terms of supervised release and sentenced him to two consecutive terms of 24 months' imprisonment. McDaniel appeals, asserting that his sentence was substantively unreasonable. We affirm.

In 2021, McDaniel was sentenced to 33 months' imprisonment followed by three years of supervised release after pleading guilty to possessing a firearm as a felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). In 2022, McDaniel briefly escaped the federal facility where he was incarcerated. After his capture, he pleaded guilty to escape from custody, *see* 18 U.S.C. § 751(a), and was sentenced to 12 months and one day of imprisonment, followed by another three years of supervised release. In August 2024, McDaniel began his terms of supervised release. Less than six months later, the United States Probation Office reported to the district court that McDaniel had violated several conditions of his release. Among other things, the Probation Office reported that McDaniel had tested positive for and sold controlled substances, engaged in domestic violence, and told a jailed acquaintance that he had shot someone while on release.

On February 25, 2025, the district court held a revocation hearing at which McDaniel stipulated to violating the terms of his supervised release. The district court then calculated an advisory Guidelines range of 18-24 months' imprisonment for each revoked term of release. The Government requested concurrent 24-month

_____
[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

sentences. After hearing arguments from McDaniel's counsel and giving McDaniel an opportunity to speak, the district court imposed two consecutive 24-month sentences, for a total sentence of 48 months' imprisonment.

"We review the substantive reasonableness of a [revocation] sentence," including the decision to run sentences consecutively, "for abuse of discretion." *See United States v. Petersen*, 848 F.3d 1153, 1157 (8th Cir. 2017); *see also United States v. Valure*, 835 F.3d 789, 790 (8th Cir. 2016) (noting the district court's "discretionary authority" to order revocation sentences to run consecutively). "A district court abuses its discretion in sentencing if [it] fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *Petersen*, 848 F.3d at 1157 (citation modified).

McDaniel argues that the district court's revocation sentence reflects a clear error of judgment for two reasons. First, he suggests that the court's imposition of consecutive 24-month sentences was greater than necessary because a 48-month sentence is longer than the total imprisonment imposed for his underlying felon-in-possession and escape convictions. Second, he contends that the district court failed to give sufficient weight to mitigating factors, such as his acceptance of responsibility for his violations and his family's support, while giving outsized weight to the severity of his violative conduct.

We disagree. For one, we discern no abuse of discretion in the district court's consideration of the relevant sentencing factors. The court heard arguments concerning McDaniel's acceptance of responsibility and family support and properly weighed those factors against his "pattern of noncompliant behavior" and evident dangerousness. *See United States v. Isler*, 983 F.3d 335, 344 (8th Cir. 2020) ("[A] district court has wide latitude to assign weight to sentencing factors, and the district court may give some factors less weight than a defendant prefers or more weight to the other factors, but that alone does not justify reversal." (citation modified)).

Likewise, the district court acted within its "discretionary authority" in imposing consecutive, within-Guidelines sentences.  *See Valure*, 835 F.3d at 790.

     Accordingly, we affirm McDaniel's sentence.

_____